W. Willard WIRTZ, Secretary of Labor, Plaintiff,

v.

CASCADE EMPLOYER'S ASSOCIATION, INC., OF the PACIFIC NORTH-WEST, et al., Defendants.

W. Willard WIRTZ, Secretary of Labor, Plaintiff,

v.

HARVEY ALUMINUM (INCORPORATED), et al., Defendants.

Civ. A. Nos. 3429–62, 3447–62.

United States District Court
District of Columbia.

July 2, 1963.

Robert B. Norris, Asst. U. S. Atty., David C. Acheson, U. S. Atty., Charles T. Duncan, Prin. Asst. U. S. Atty., Joseph M. Hannon, Asst. U. S. Atty., Charles

Donahue, Sol., James R. Beaird, Acting Assoc. Sol., Ernest N. Votaw, Regional Atty., U. S. Dept. of Labor, Donald B. MacGuineas, Charles Donnenfeld, Attys., U. S. Dept. of Justice, for plaintiff.

Charles A. Hobbs, Wilkinson, Cragun & Barker, Washington, D. C., Lewis K. Scott, Koerner, Young, McColloch & Dezendorf, Portland, Or., for defendants Cascade Employer's Association and others.

C. Roger Nelson, Franklin M. Schultz, Purcell & Nelson, Washington, D. C., Dewey, Ballantine, Bushby, Palmer & Wood, New York City, John W. Hill, Portland, Or., for defendants Harvey Aluminum and others.

YOUNGDAHL, District Judge.

Similar motions in the two above-entitled cases raise important questions concerning where the Government must bring a civil suit seeking compliance with certain filing provisions of Title II of the Labor-Management Reporting and Disclosure Act of 1959, Pub.L. 86–257, 73 Stat. 519 et seq. (1959), 29 U.S.C. §§ 401–531 (hereinafter referred to as the Act). Plaintiff is the Secretary of Labor. Defendant Cascade is an Oregon corporation having its registered office in Oregon; defendant Harvey Aluminum is a California corporation having its principal place of business in California, and engages in production and manufacturing in California and Oregon. Plaintiff alleges that both are "employers" within the meaning of sections 3(e) and 203(b) of the Act, 29 U.S.C. §§ 402(e), 433(b), and that both have failed to file reports required by 29 U.S.C. § 433(b). Plaintiff seeks compliance with such filing requirements. Defendants have moved to quash the service of the summons and complaint on the ground that nationwide service of process is not contemplated under the statute, and have moved to dismiss the actions on the ground that venue does not lie in the District of Columbia.

The Court need not reach the issue of nationwide service of process, because the Court has concluded that venue does not lie in the District of Columbia.

The Secretary has alleged that jurisdiction of these actions is conferred upon the court by 29 U.S.C. § 440, which provides:

> "Whenever it shall appear that any person has violated or is about to violate any of the provisions of this subchapter, the Secretary may bring a civil action for such relief (including injunctions) as may be appropriate. Any such action may be brought in the district court of the United States where the violation occurred or, at the option of the parties, in the United States District Court for the District of Columbia."

The Secretary has conceded that these defendants have not consented to having the actions brought in the District of Columbia, and that such consent is necessary in order for the case to be brought here "at the option of the parties." This Court accepts such concession without independent consideration. The Secretary therefore relies, for venue, solely upon the following clause: "Any such action may be brought in the district court of the United States where the violation occurred * * *."

In considering the nature of the "violation" to which Congress refers in 29 U.S.C. § 440, it is agreed by both sides that the subchapter which the Secretary may thereby enforce is primarily a reporting statute.[1] § 431 requires a labor organization to file with the Secretary a copy of its constitution and by-laws, a report on how it conducts its internal affairs, and a detailed annual financial report. § 432 requires officers and employees of labor organizations to file annual reports about certain financial transactions. § 433 requires employers

---

[1]. The original Act as passed by Congress refers to this subchapter as a "title," meaning Title II of the Act, but the language has been changed in the United States Code to "subchapter" to conform to the Code's over-all format. Each subchapter of the Act has different venue provisions.

and others to file reports concerning certain payments made by them and certain agreements or arrangements entered into by them to persuade employees to exercise, not to exercise, or to exercise in a certain way their right to organize and bargain collectively. § 436 provides, to insure the effectiveness of the reporting requirements, that every person required to file a report shall retain for five years after such filing the records necessary to verify the report. These, in the main, are the reporting requirements. § 439 provides criminal penalties for willful violations, false statements, misrepresentations, and concealment or destruction of pertinent records. § 440 provides civil actions (including injunctions) for enforcement.

The Secretary contends that since the instant actions charge a failure to file reports, and since § 433 of the Act directs that reports under this subchapter be filed "with the Secretary [of Labor]," whose office is fixed at the District of Columbia by another statute, 5 U.S.C. § 611, therefore the violation "occurred" in the District of Columbia, and venue properly lies here. The Secretary supports this result with the principle that "where there is a violation of a statutory duty to perform an act, the place where the act had to be done fixes the situs of the violation for venue purposes."

However valid this principle may be, we are concerned here with a question of statutory interpretation: whether Congress, in this particular statute, intended that venue would lie in the District of Columbia for a civil action charging a failure to file reports and seeking an injunction requiring such filing.

█ The language of § 440 strongly suggests that Congress did not so intend. Such a result would make the provision for an alternative venue (in the District of Columbia *by mutual consent*) largely surplusage, and would require the statute, so far as failure to file is concerned, to be interpreted as if it read: "Any such action may be brought in the District of Columbia, or, at the option of the parties, in the District of Columbia." Such redundancy should not be easily attributed to Congress if another interpretation is possible.[2]

The legislative history supports a more reasonable interpretation. When this section of the statute was reported out by the Senate committee, it read as follows:

> "Any such actions against a labor organization may be brought in the United States District Court for the District of Columbia or in the district court or other court of the United States where the violation occurred." S. 1555, 86th Cong. 1st Sess. § 110(c) (1959).

Subsequently, however, this language was amended on the floor of the Senate to read as follows:

> "Any such action against a labor organization may be brought in the district court or other court of the United States where the violation occurred or at the option of the parties in the United States District Court for the District of Columbia." 105 Cong. Rec. 6683-84 (1959).

The reason for this amendment was stated by Senator Morse, its sponsor, as follows:

> "I think it is pretty important in this democracy of ours, the cost of litigation being what it is and the cost of travel being what it is, that it be provided in the bill that a case should be tried in the district where the violation took place, rather than say, 'We will bring it to the United States District Court for the District of Columbia.'

---

2. The special language of this particular venue statute makes completely inapplicable the Secretary's citation of cases dealing with other, more general, venue provisions. United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916); Johnston v. United States, 351 U.S. 215, 76 S.Ct. 739, 100 L.Ed. 1097 (1956); Travis v. United States, 364 U. S. 631, 81 S.Ct. 358, 5 L.Ed.2d 340 (1961).

* * * * * *

"In other words, what I am proposing to do is to rephrase the sentence and say, 'In the first instance, you bring it in the district where the violation occurred. If, in the convenience of the parties, the District of Columbia court is the most desirable, bring it there.' But if a violation took place in Portland, Oreg., where there is a U. S. court sitting in the Federal courthouse, the litigants should be permitted to say, 'That is where we want to have justice rendered to us.'" 105 Cong. Rec. 6684 (1959).

Thus the original bill *did* authorize the Secretary to bring suit in the District of Columbia whenever he chose, but Congress specifically changed this to authorize suit in the place where the violation occurred, "or at the option of the parties," in the District of Columbia. There was thus a deliberate narrowing of the Secretary's power to bring suit in the District of Columbia. The only subsequent change made by Congress before the bill became law was that the venue provision was made applicable not just to labor organizations, but to employers as well. The same basic policy consideration which Senator Morse expressed holds true for both groups: that it is fairer to require the Government to bear the cost of litigating in localities throughout the country than to permit the Government, at its own discretion, to force these unions and employers, many of them obviously small, to come to the District of Columbia.[3]

The Secretary argues that his interpretation—that failure to file is a violation which "occurs" in the District of Columbia—does not necessarily make the statute redundant, because there are types of violations other than non-filing—such as the filing of misinformation, or the destruction of records—which may not occur in the District of Columbia for purposes of venue. Thus, he argues, the alternative provision for suit in the District of Columbia by mutual consent has a legitimate application apart from a suit charging complete non-filing. Such an attempt to "save" the statutory language, however, is not persuasive, because it completely ignores the policy consideration, discussed above, which Congress wrote into the statute. So far as appears in the present pleadings, such policy would apply to all three types of violations, and Congress cannot be deemed to have distinguished among them.

 Construing the statutory language consistently with the policy of Congress, this Court has concluded that, for purposes of the venue provision of 29 U.S.C. § 440, the failure to file a report is not a violation which "occurs" in the District of Columbia. This Court need not decide finally where the proper venue does lie, although defendants have made persuasive arguments supporting venue in the districts where defendants have their principal offices or places of business, since that would normally be the place to find records and other information necessary for the preparation of the report, and witnesses and documents necessary for trial.

The Court's conclusion that the failure to file a report is not a violation which "occurs" in the District of Columbia is supported by actions of officials of the Department of Labor in these two cases.

In the case of Harvey Aluminum, uncontradicted affidavits state that on April

---

3. The relevance of such basic Congressional policy to the legal issue now before this Court is demonstrated by an uncontradicted affidavit filed by the executive secretary of defendant Cascade Employer's Association. He states that the gross income of Cascade for the years 1959, 1960, and 1961 was $9,168.70 and $12,373.00 and $14,416.45, respectively; that all of the books and records of Cascade are kept in Salem, Oregon; that all of the substantive events referred to in the complaint occurred in Oregon; that numerous witnesses, all required for a proper defense, all reside in Oregon; that the estimated additional cost for trial in the District of Columbia as distinct from trial locally would be at least $10,000; and that Cascade has no funds from which to pay such added expenses.

28, 1961, Mr. Walker and Mr. Evans of the Seattle Office of the Bureau of Labor-Management Reports, Department of Labor (hereinafter referred to as the "Bureau"), told Maxwell H. Elliott, an attorney for Harvey Aluminum, that "any further questions regarding the report to be filed by Harvey should be taken up with the Los Angeles office of their Bureau, *since the Harvey report was to be filed in that office.*" (Affidavits of Andrew B. Cronkrite, April 26, 1963, and Maxwell H. Elliott, April 26, 1963). (Emphasis added.) Another uncontradicted affidavit states that during April and May, 1961, Mr. Ronald Wanke of the Los Angeles Area Office of the Bureau advised the same Mr. Elliott during conversations about filing a report "that if a report were required to be filed by the Company, it should be *filed* in the Los Angeles Area Office." (Affidavit of Maxwell H. Elliott, January 11, 1963.) (Emphasis added.) Then on May 31, 1961, Fred T. Ragsdale, Area Director of the Bureau, in Los Angeles, wrote to the president of Harvey Aluminum, stating:

> "Appropriate forms have been furnished to Mr. Elliott for the filing of the Employer Report. The report is expected by the Bureau of Labor-Management Reports within a reasonable time and *should be mailed directly to this office.*" (Emphasis added.)

Subsequently, on April 6, 1962, Mr. Elliott delivered a completed form to Mr. Ragsdale at the Los Angeles Area Office, and on the same date Mr. Ragsdale signed and delivered to Mr. Elliott a letter acknowledging receipt of a letter "from Maxwell H. Elliott, Attorney, Of Counsel, for Harvey Aluminum (Incorporated), *submitting and filing* a report of Harvey Aluminum (Incorporated) completed on * * * Employer Report Form No. LM–10." (Annex C.) (Emphasis added.) Later, Harvey Aluminum was given notice that this report was not sufficient, because it was not signed by the president of the company. This was after receipt of the report had been acknowledged by the Washington office of the Bureau.

In the case of Cascade, an uncontradicted affidavit of Mr. Alfred P. Blair, Cascade's executive secretary, states that as late as February 25, 1963, Mr. Pheiffer, the Bureau's representative located in Seattle, Washington, advised him that when Labor Department representatives request that a report be filed, it should be filed locally in either Portland, Oregon, or in Seattle, Washington.

In response to these affidavits, the Secretary has submitted an affidavit by Mr. John L. Holcombe, Commissioner of the Bureau of Labor-Management Reports, Washington, D. C. This affidavit points out that regulations promulgated by the Secretary as General Order No. 102 require that reports be filed "with the Commissioner, Bureau of Labor-Management Reports, United States Department of Labor, Washington 25, D. C." 29 C.F.R. 405, pp. 4319–20. The affidavit also points out that the actual form to be used for reporting states that it "must be filed with the Bureau of Labor-Management Reports, U. S. Department of Labor, Washington 25, D. C."

Defendants argue from the above facts that the Secretary must be deemed to have sanctioned local filing in these two cases, even though in general filing takes place in the District of Columbia. The Secretary answers that to the extent that the local agents spoke in terms of local "filing," they exceeded their authority, and argues that the Government is "neither bound nor estopped by the acts of [its] officers and agents in entering into an agreement or arrangement to do or cause to be done what the law does not sanction or permit."

■ However valid such principle may be, it does not apply to the instant case. What the local agents actually did in these cases, in fact, was fully within the scope of their authority, as demonstrated by Mr. Holcombe's affidavit, which states:

> "That as an important part of the function of this Bureau to promote

an understanding of and compliance with the provisions of the Act, all the Area Directors and subordinate officials of this Bureau have been directed and instructed to furnish any interested person with information relating to provisions of the Act, and to render technical assistance to any person required to file a report under the Act, including assistance in the completing of Employer Report Form LM–10 * * *, and * * * to receive at their respective Area offices such reports as may have been completed by persons submitting the same, to review such reports for technical sufficiency and correctness of detail, and by way of accommodation and courtesy, then to transmit such report forms to Washington, D. C. * * *."

Clearly, therefore, the actions of the local agents were factually within the scope of their authority. The only issue is whether receipt by them of the reports did constitute, or would have constituted, "filing," or to reserve that word for the receipt of the report in Washington, D. C. A word like "filing" can mean different things in different contexts. Simply because the Secretary's regulations state that reports are to be "filed" in Washington, D. C., for purposes of recording, processing, and analyzing of such reports (as set forth in Mr. Holcombe's affidavit), it does not necessarily follow that reports could not be "filed" locally for purposes of venue. Thus even assuming *arguendo* that the violation must be deemed to have "occurred" at the place where the report should have been "filed," this Court has concluded that the Secretary, by authorizing the local agents to receive such reports, has, in law, authorized local filing in these two cases—at least for purposes of venue. Such a result is consistent with both the language and policy of Congress.

▪ The above account of the activities of the local agents really serves to demonstrate the great amount of Government activity on a local level which the Labor-Management Reporting and Dis-

closure Act has necessitated. There is thus no undue burden upon the Government to require that suits seeking compliance with the filing requirements also be at the local level. This is what the Congress, in 29 U.S.C. § 440, supra, has provided.

The motions to dismiss upon the ground that venue does not lie in the District of Columbia will therefore be granted.