LODGE NO. 42 OF THE INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIPBUILDERS, BLACKSMITHS, FORGERS AND HELPERS, John Parkhurst, Wallace L. Clark, and Clyde Turner, Plaintiffs-Appellants,

v.

INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIPBUILDERS, BLACKSMITHS, FORGERS AND HELPERS, and District Lodge No. 57 of the International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers, Defendants-Appellees.

No. 15144.

United States Court of Appeals
Sixth Circuit.

Decided Nov. 18, 1963.

Claude Callicott, Nashville, Tenn., for appellants.

Cecil D. Branstetter, Nashville, Tenn. (Ben F. Loeb, Jr., Nashville, Tenn., Grayson & Orlove, Kansas City, Kan., on the brief), for appellees.

Before O'SULLIVAN, Circuit Judge, and KALBFLEISCH and PECK, District Judges.

PER CURIAM.

The fourteen-page complaint, to which detailed exhibits are appended, essentially complains of an alleged wrong done to the plaintiffs by their expulsion from one of the defendant labor organizations. The district court sustained defendants' motion to dismiss the action on the ground that venue was not properly laid in the district in which the complaint was filed, and the present appeal is from such dismissal.

The action was brought under The Labor Management Reporting and Disclosure. Act of 1959, 73 Stat. 519, 29 U.S.C. 401 et seq., which is generally known as the Landrum-Griffin Act and which will be hereinafter referred to as the Act. The complaint alleges that Lodge No. 42 of the International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers (hereinafter referred to as Lodge No. 42) is what is ordinarily known as a labor union with headquarters at Nashville, Tennessee, and that the three individual plaintiffs held official positions therein. The defendant International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers (hereinafter referred to as the International) is stated to be a labor organization within the meaning of the Act with headquarters and principal office at Kansas City, Kansas, and the defendant District Lodge No. 57 of the International (hereinafter referred to as District Lodge No. 57) is also stated to be such a labor organization, with principal office and headquarters at Chattanooga, Tennessee. The complaint then alleges the exercise of "despotic powers" on the part of an official of District Lodge No. 57,

who acted "tyrannically," and the expulsion of Lodge No. 42 therefrom as the result of "a sinister conspiracy between [the] defendants." It is upon this act of expulsion (or disaffiliation) that the action is predicated, and in determining the issue as to venue it therefore becomes important to determine where such act occurred. It will be recalled that the action was commenced in the District Court for the Middle District of Tennessee, and that Chattanooga, Tennessee, is situate in the Eastern District of Tennessee.

The complaint further alleges that the District Lodge No. 57 official above referred to publicly stated his intention to "obtain revenge" for certain acts done by a member of Lodge No. 42, and that to accomplish this "sinister scheme" he caused District Lodge No. 57, at a meeting held at Chattanooga, Tennessee, to adopt a resolution asking the International to expel or disaffiliate Lodge No. 42 from District Lodge No. 57. Thereupon, it is alleged, the Executive Council of the International, in session in Kansas City, Kansas, approved the request and expelled or disaffiliated Lodge No. 42 from District Lodge No. 57.

Section 102 of the Act (29 U.S.C., Section 412) provides in part:

> "Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located."

Whether an "alleged violation occurred" in the Eastern District of Tennessee when District Lodge 57 requested Lodge No. 42's disaffiliation, or whether an "alleged violation occurred" in the District of Kansas when the Executive Council passed the Resolution of Disaffiliation, are questions which need not be here determined. The only question presented is what if anything gave rise to a cause in the Middle District of Tennessee and in considering this question the trial judge pointed out that neither of the defendants has its principal office in that district and neither is alleged to have done anything there. We conclude, as he did, that under the venue provisions of Section 102 of the Act, supra, venue was not properly laid in the district where the complaint was filed. This conclusion is in general accord with that reached in Wirtz v. Cascade Employer's Assoc., Inc., (Wirtz v. Harvey Aluminum, Inc.,) 219 F.Supp. 84 (D.C., 1963).

Affirmed.