**UNITED STATES of America,**
**Plaintiff,**
v.
**Robert CAMACHO et al., Defendants.**
**No. C–17602 PHX.**

United States District Court
D. Arizona.
May 1, 1967.

Henry L. Zalut, Asst. U. S. Atty., and Edward E. Davis, U. S. Atty., Phoenix, Ariz., for plaintiff.

John J. Flynn and Terry D. Oehler, Lewis, Roco, Scoville, Beauchamp & Linton, Phoenix, Ariz., for defendants.

## OPINION

KILKENNY, District Judge:

This matter is before the Court on the defendant's motion to dismiss the Indictment. At the time of the trial, I expressed some doubt as to whether the language of the Indictment[1] would fit the facts as presented on the trial. The solution to the problem rests on a proper construction of 18 U.S.C. § 751.

Prior to 1930, it was not a crime for a prisoner to escape from Federal custody. To remedy this situation, a bill was introduced in the House (H.R. 975) during the first session of the 71st Congress (1929), which made it an offense to escape from a Federal penal or correctional institution. This bill passed the House, but died in the Senate, where it was not reported out of committee.

During the second session of the 71st Congress (1930) the provisions of H.R. 975, mentioned above, were incorporated into H.R. 7832, a bill which reorganized the administration of Federal prisons. H.R. 7832 was passed by the Congress and became law on May 14, 1930 (c. 274, 46 Stat. 327).

The parent of § 751 is found in 46 Stat. 327. Section 9 of chapter 272 reads, in part, as follows:

> "Any person properly committed to the custody of the Attorney General or his authorized representative *or who is confined in any penal or correctional institution, pursuant to the direction of the Attorney General,* who escapes or attempts to escape therefrom shall be guilty of an offense * * *." (Emphasis supplied.)

Fortunately, the House and Senate Reports, and the debates, shed some light on the particular language used in Section 9. The only discussion of the Section in the Committee Hearings follows:

> "MR. LA GUARDIA. Is that final? Supposing a judge would commit a youngster to the penitentiary and when he got there, would find it was not a proper place would you still have the power to transfer him?

1. * * * * *
"On or about the 29th day of September, 1966, within the District of Arizona, ROBERT CAMACHO, being then and there a person confined to a penal and correctional institution, to-wit: Federal Prison Camp at Florence, Arizona, pursuant to the direction of the Attorney General, by virtue of a conviction for an offense against the United States, to-wit: bank robbery, did wilfully and unlawfully escape from such institution."
* * * * *

"MR. BATES. Yes. * * * It goes on to provide in one section for our transportation, and then there is a section about escape. *It is not a crime now to escape from a Federal penitentiary.* It is not a crime to take dope in. So we have provided three sections here, which say that suitable penalties shall be added, one to take care of escapes, one to take care of aiding in escapes, and another one to take care of the introduction of contraband." p. 29, "Federal Prisons and Penitentiaries", Hearings Before the Committee on the Judiciary, House of Representatives, Seventy-First Congress, Second Session on H.R. 6807, H.R. 7410, H.R. 7412, H.R. 7413, H.R. 7832, December 19, 1929, Serial 1. (Emphasis supplied.)

I am convinced the section was meant to apply to federal penal or correctional institutions, and not merely to state or municipal institutions. Section 7 of c. 274, 46 Stat. 327, which Section 9 clearly modified, states that the Attorney General may designate any institution, *whether maintained by the Federal Government or otherwise*, where the sentences are to be served:

"Hereafter all persons convicted of an offense against the United States shall be committed, for such term of imprisonment and to such types of institutions as the court may direct, to the custody of the Attorney General of the United States or his authorized representative, who shall designate the places of confinement where the sentences of all such persons shall be served. The Attorney General may designate any available, suitable, and appropriate institutions, whether maintained by the Federal Government or otherwise or whether within or without the judicial district in which convicted."

Since the Attorney General is given the authority in Section 7 to commit prisoners either to State or Federal In-stitutions, it should not be said that the language of Section 9 ("confined in any penal or correctional institution, pursuant to the direction of the Attorney General") refers only to State institutions.

Moreover, it has been held that a Federal prisoner who has been transferred to a county or state institution is still in the "custody" of the Attorney General. Tucker v. United States, 251 F.2d 794 (9th Cir. 1958). Although the Congress is presumed to use no superfluous words and that each word should have attributed to it some meaning, Crabb v. Zerbst, 99 F.2d 562, 564 (5th Cir. 1938), the history of the act and the debates on the legislation are relevant considerations in its interpretation. United States v. Bryan, 339 U.S. 323, 70 S.Ct. 724, 94 L.Ed. 884 (1950); United States v. Plesha, 352 U.S. 202, 77 S.Ct. 275, 1 L.Ed.2d 254 (1957). Clearly the legislation was intended to make it a crime to escape from a federal penitentiary. The decision in Wirtz v. Cascade Employer's Assn., Inc. of the Pacific N.W., 219 F.Supp. 84 (D.D.C.1963) does not require a different result when viewed in the light of the legislative history. It is the Courts, rather than the Congress, which have created the confusion. Clearly, the Congress intended to distinguish between custody of the Attorney General and custody while the prisoner was confined to a penal or correctional institution. Perhaps the distinction was unnecessary, but the Congress preferred to rest on the maxim "better be safe than sorry."

Defendant's motion to dismiss the Indictment is denied.

I shall fix a time and place for defendant to appear before me for a formal finding of guilt on the crime charged in the Indictment. A pre-sentence report is unnecessary.

It is so ordered.