**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Allen D. TURNER, Defendant-Appellant.**

**No. 276, Docket 24389.**

United States Court of Appeals
Second Circuit.

Argued April 11, 1957.

Decided May 7, 1957.

Writ of Certiorari Denied June 17, 1957.
See 77 S.Ct. 1384.

Paul W. Williams, U. S. Atty. for the Southern Dist. of New York, New York City (John T. Moran, Jr. and Robert Kirtland, Asst. U. S. Attys., New York City, of counsel), for plaintiff-appellee.

Hayden C. Covington, Brooklyn, N. Y., for defendant-appellant.

Before HAND, MEDINA and WATERMAN, Circuit Judges.

MEDINA, Circuit Judge.

Allen D. Turner is one of the group known as "Jehovah's Witnesses." Having served for ten months at the Auburn Memorial Hospital, in Auburn, New York, after his classification as a conscientious objector, which service was terminated, he was later directed to serve the balance of his term of service

of twenty-four months at Hudson River State Hospital, in Poughkeepsie, New York. It is not disputed that he wilfully and knowingly failed and refused to comply with this direction; and for this refusal he has been convicted of a violation of the Universal Military Training and Service Act, § 12, 50 U.S.C.A.Appendix, § 462, and sentenced to eighteen months imprisonment and the payment of a fine of $1,000. The principal issue raised on this appeal is the legality of the direction that he report at Poughkeepsie. The substance of his claim is that this direction was not made by his local board but was contained in a letter from the New York State Director of Selective Service.

As appellant's claim is a technical one, we think a full statement of the factual background will make it easier to understand the interrelation of the various applicable statutes and regulations.

Appellant, a resident of Syracuse, New York, was born on February 18, 1933; he is a registrant with local board No. 58 in Syracuse; and in due course received and filled out SSS Form 150, which led to his classification I–O, as a conscientious objector, on January 8, 1952. He reported for physical examination on February 3, 1953, and was found acceptable although suffering from a hernia.

On February 20, 1953, the local board mailed to appellant SSS Form 152, entitled "Special Report for Class I–O Registrants," which required appellant to submit three types of work that he was qualified to perform. He failed to do this but merely wrote in answer to the questions relative to the three types of work: "To serve Almighty God with all my heart and soul." He was directed by the local board, however, to report to the New York State Employment Office for the purpose of determining his qualifications for civilian work, and the upshot of his interview was that employment in the Hospital of the Good Shepherd in Syracuse was offered and he accepted; but the actual assignment was deferred pending an operation to cure the hernia. After the operation the surgeon reported that appellant was physically fit to commence work on July 14, 1953.

The New York State Employment Service advised the local board on August 21, 1953, that it expected to place appellant in Auburn Memorial Hospital within a week; and in fact he reported for work and commenced his employment at Auburn Memorial Hospital, 5–19 Lansing Street, Auburn, New York, on August 31, 1953. Accordingly, on September 18, 1953, appellant's local board issued to him the following order, on SSS Form 153, which is the basic order, and appellant's conviction is the result of his wilful failure to comply with the terms thereof:

"Selective Service System
"Order to Report for Civilian Work and Statement of Employer
"[Selective Service]
"[System Seal]
"Sept. 18, 1953
"Allen D. Turner, 30 58 33 49
"219 Ashworth Place
"Syracuse, New York

"Having been found to be acceptable for civilian work contributing to the maintenance of the national health, safety, or interest you have been assigned to Auburn City Memorial Hospital located at Auburn, N. Y.

"You are ordered to report to the Auburn City Memorial Hospital, Auburn, N. Y. at 8:00 a. m. on the 28th day of Sept., 1953, where you will be given instructions to proceed to the place of employment.

"You are ordered to report for employment pursuant to the instructions of the local board, to remain in employment for twenty-four (24) consecutive months or until such time as you are released or transferred by proper authority.

"You will be instructed as to your duties at the place of employment.

"Failure to report at the hour and on the day named in this order, or

to proceed to the place of employment pursuant to instructions, or to remain in this employment the specified time will constitute a violation of the Universal Military Training and Service Act, as amended, which is punishable by fine or imprisonment or both.

"[Signed]
"(Clerk or Member of the Local Board)"

"The registrant identified above reported for civilian work on the 31st day of August, 1953, to

"Auburn Memorial Hospital
"5-19 Lansing Street
"Auburn, New York
"[Signed]
"C. F. Harrienger,
"Personnel Director"

On October 6, 1953, his local board classified appellant I–W, to signify that he was a conscientious objector performing civilian work.

On July 9, 1954, Auburn Memorial Hospital informed the local board that appellant's employment with the hospital had terminated on July 4, 1954, under circumstances casting no reflection upon appellant's character. He had served ten months of the required period of twenty-four.

The New York State Director for Selective Service, when notified of the termination of the original work assignment, advised appellant of various employment opportunities elsewhere as well as of appellant's obligation to seek such, and that he would be subject to assignment by the State Director if he failed to find employment himself. But appellant disregarded these various communications.

Accordingly, in a letter dated February 4, 1955, which appellant received in Syracuse, the State Director wrote:

"Since your services at the Auburn Memorial Hospital were terminated before you had completed the required 24 months, you are hereby directed to report to Mr. Joyce at the Hudson River State Hospital, Poughkeepsie, New York, on Wednesday, February 16, 1955 at 8:30 A.M. for hospital work."

■ The objection to venue in the Southern District of New York is wholly without merit, unless it be assumed that appellant's failure to report at the Hudson River State Hospital in Poughkeepsie, which is within the territorial limits of the Southern District of New York, was not a failure and refusal to obey a lawful order of his local board. The point was settled by the decision in Johnston v. United States, 351 U.S. 215, 76 S.Ct. 739, 742, 100 L.Ed. 1097, that "where the crime charged is the failure to do a legally required act, the place fixed for its performance fixes the situs of the crime."

■ Nor do certain criticisms of the form of the local board's "Order to Report for Civilian Work," dated September 18, 1953, warrant extended comment. The printed words "local board named above" were x-ed out, and over them was typewritten in, "Auburn City Memorial Hospital, Auburn, N. Y.," where appellant was ordered to report on September 28, 1953. We are told that 32 C.F.R. §§ 1606.51 and 1606.52 require the use of official forms, which must not be altered; that the regular procedure required that appellant be ordered to report to the local board, there to receive "instructions to proceed to the place of employment"; and that the insertion of the name and address of the hospital and the deletion of the words "local board named above" nullified the order. Indeed, the point is developed with considerable proliferation. It is asserted that everything depends upon the "first step," which is said to be reporting at the local board; and it is further claimed that a similar reporting at the board was an essential preliminary and jurisdictional prerequisite to the giving of any direction to report at the Poughkeepsie hospital.

We think these refinements wholly at variance with the scheme of the statute and the regulations. No essential or jurisdictional "step" was omitted; ap-

pellant had already voluntarily reported at the hospital in Auburn and was at work there before the order of September 18, 1953, was made.

■ This brings us to the crux of the case. The order of September 18, 1953, commanded appellant "to remain in employment for twenty-four (24) consecutive months or until such time as you are released or transferred by proper authority"; and the last paragraph of the order informed appellant that his failure "to remain in this employment the specified time will constitute a violation of the Universal Military Training and Service Act, as amended, which is punishable by fine or imprisonment or both." Was appellant's failure to obey the direction of the State Director to report at the hospital in Poughkeepsie a wilful refusal to comply with the order of the local board of September 18, 1953?

A careful examination of the underlying statute and the regulations promulgated pursuant to the authority conferred thereby has convinced us that it is the function of the local board to determine the type of civilian work to be performed by a registrant who has been classified I–O and to order the registrant to perform that work in lieu of induction into the armed forces; thereafter it is the function of the State Director to implement the order of the local board by seeing to it that the registrant performs for the requisite period the work he has been ordered by the local board to do. The legal effect of appellant's failure to obey the direction of the State Director to report to the hospital at Poughkeepsie was a refusal to comply with the order of the local board which determined the type of civilian work to be done and ordered appellant to do it.

The Congress has authorized the President "to prescribe the necessary rules and regulations to carry out the provisions" of the Act [50 U.S.C.A.Appendix, § 460(b) (1)], and to appoint a Director of Selective Service [50 U.S. C.A.Appendix, § 460(a) (3)] and a State Director for Selective Service in

each state of the Union [50 U.S.C.A. Appendix, § 460(b) (2)]. Pursuant to such authority the Regulations were prescribed and the Director was given power to "issue such public notices, orders, and instructions as shall be necessary for carrying out the functions of the Selective Service System." 32 C.F.R. § 1604.1(b). Each State Director has similar authority, subject to the direction of the Director. 32 C.F.R. § 1604.12. Elaborate provisions were made to assure that conscientious objectors be given fair treatment, and at the same time carry a proper share of the burdens of citizenship.

True it is that the heading of 32 C.F. R. § 1660.21 reads, "General provisions relative to orders by the local boards to perform civilian work and performance of civilian work," but this taken together with the text of the Regulations makes it clear that the language is carefully chosen. The only reference to the local board is to the local board's order to report for civilian work. Section 1660.21 merely provides that "the registrant shall be ordered to perform the same type of work with another employer"; and the phraseology of SSS Form 153 refers to a transfer "by proper authority." That the direction to transfer as well as the general supervision of compliance by the registrant with the initial order of the local board are functions of the State Director, as held by Judge Noonan, is clear to us from the unambiguous and pertinent provision of Section 1660.31 of the Regulations:

> "It shall be the responsibility of such State Director of Selective Service to see that the registrant performs the work to which he has been ordered by the local board for a period of twenty-four consecutive months, unless sooner released under the provisions of Section 1660.21."

We hold that the State Director by making a reassignment such as the one before us here is not usurping a function reserved to the local board; he is exercising the authority prescribed by

Section 1604.12, carrying out the duty imposed upon him by Section 1660.31, and implementing the original order of the local board assigning the registrant to civilian work.

Affirmed.