**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward Lee NEILL, Defendant-Appellant.**

**No. 12044.**

United States Court of Appeals
Seventh Circuit.

Oct. 11, 1957.

Karl M. Milgrom, Chicago, Ill., Hayden C. Covington, Brooklyn, N. Y., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., Burton M. Bergstrom, Asst. U. S. Atty., Chicago, Ill., of counsel, for appellee.

Before LINDLEY, SCHNACKENBERG and PARKINSON, Circuit Judges.

LINDLEY, Circuit Judge.

Defendant, indicted for and found guilty of refusing to perform civilian work as a conscientious objector, when ordered by his local board at Red Oak, Iowa, to report to a hospital in Evanston, Illinois, for such work, in violation of the Universal Military Training and Service Act (50 U.S.C.A.Appendix, §§ 451–470), appeals, asserting (1) that the United States District Court in Illinois lacked jurisdiction of the crime charged, in that the only proper venue was in Iowa, and (2) that the order of the local board directing him to report to the Evanston Hospital was unlawful.

Originally, after a personal interview with the board, defendant was classified as a conscientious objector. Upon his request, his file was reopened and again the board so classified him. From this ruling he appealed to the appeal board, which classified him *de novo* as a conscientious objector. However, defendant refused to select or do any civilian work. Consequently, on December 10, 1954, the board ordered him to report to a hospital in Des Moines, Iowa. He refused to comply and was then processed

as delinquent. However, his file was returned for reprocessing. The board then ordered him to report to the hospital in Evanston, Illinois, on November 21, 1955, for civilian work. His failure to comply led to this prosecution.

The first contention of defendant is that the venue for the cause was wrongfully laid; that if he had violated the law, his offense occurred in Iowa, and that the Illinois court was, therefore, without jurisdiction. This argument is plainly in the face of Johnston v. United States, 351 U.S. 215, at page 220, 76 S. Ct. 739, 742, 100 L.Ed. 1097, where the Court said: "We are led to this conclusion by the general rule that where the crime charged is a failure to do a legally required act, the place fixed for its performance fixes the situs of the crime. The possibility that registrants might be ordered to report to points remote from the situs of draft boards neither allows nor requires judicial changes in the law of venue." Thus, venue was properly laid, and the court in Illinois alone had jurisdiction. See also United States v. Anderson, 328 U.S. 699, 66 S. Ct. 1213, 90 L.Ed. 1529; United States v. Turner, 2 Cir., 244 F.2d 404. In the latter, the court said, at page 406: "The objection to venue in the Southern District of New York is wholly without merit, unless it be assumed that appellant's failure to report at the Hudson River State Hospital in Poughkeepsie, which is within the territorial limits of the Southern District of New York, was not a failure and refusal to obey a lawful order of his local board. The point was settled by the decision in Johnston v. United States, 351 U.S. 215, 76 S.Ct. 739, 742, 100 L.Ed. 1097, that 'where the crime charged is the failure to do a legally required act, the place fixed for its performance fixes the situs of the crime.'"

However, defendant insists further that the order to report at Evanston, Illinois, was beyond the board's power, upon the premise that it was on a printed form furnished by the government, in pursuance of a regulation, in which the printed words provide that the draftee shall appear before the local board. It is undisputed that the words "the local board" were stricken, and that, in their place, the substitute words directed defendant to appear at the Evanston Hospital. Defendant insists that the printed form cannot be rightfully altered; that defendant must be ordered to appear again before the board. This order, defendant urges, is a necessary prerequisite to a valid order to appear at the hospital. Hence, it is argued, the order to report at the hospital was a nullity, in view of the fact that the prerequisite step had not been taken.

The argument is that 32 C.F.R. §§ 1606.51 and 1606.52 mandatorily enjoin a local board from modifying Selective Service forms, and that, therefore, the modification nullified the order. The situation is akin to that before this court in United States v. Manns, 232 F.2d 709, where it was contended that the failure to appoint advisers for draftees as provided by the regulations deprived the board of jurisdiction to enter an order without first appointing such an adviser. We said, at pages 710–711: "The defendants now appeal, pointing out that the applicable regulation, 32 C.F.R. § 1604.-41 (1949 ed.), requires the appointment for each local board of advisers for registrants and the posting of the names and addresses of such advisers on bulletin boards in the offices of each local board; and that no advisers had been appointed for Local Board * * *. The defendants insist that because of these violations of the regulations they have been denied procedural due process of law in the proceedings before these boards, and that the subsequent action of each board * * * in ordering them to report for and to perform civilian work was, therefore, a nullity; and that the failure of each defendant to comply with these orders did not constitute a violation of Section 462 of the Act. * * * We think it is clear that where, as here, no harm or prejudice to the registrant resulted from a violation of a regulation the proceedings of the board are not invalidated." The Ninth Circuit, in Uf-

felman v. United States, 230 F.2d 297, at page 302, said: "Since no prejudice is shown to have resulted from the Local Board's failure to have the Director of Selective Service to appoint 'advisers to registrants' and its consequent failure to post the names of such advisers in its office, we hold that there is no merit to this first 'question' presented by the appellant." See also Clark v. United States, 9 Cir., 236 F.2d 13; Rowton v. United States, 6 Cir., 229 F.2d 421; Martin v. United States, 4 Cir., 190 F. 2d 775. As the Supreme Court said in Eagles v. United States ex rel. Samuels, 329 U.S. 304, at page 314, 67 S.Ct. 313, 319, 91 L.Ed. 308: "Not every procedural error, but only those so flagrant as to result in an unfair hearing render the proceedings vulnerable in a collateral attack."

In the present case there is not the slightest evidence that the modification of the printed form prejudiced or injured the draftee in any way. He had been before the board on the original hearing and again on a reopening; he had appealed and the appeal board had approved his classification. He had thereupon refused to agree with the board as to any work he was willing to undertake. When he refused to report to the Iowa hospital, as ordered, he was reported delinquent. However, his file was returned to the board for reprocessing. Thereupon the order of which complaint is made was entered. In it the board ordered defendant "to report" to the Evanston Hospital "pursuant to the instructions of the local board, to remain in employment for twenty-four (24) consecutive months or until such time as you are released or transferred by proper authority. You will be instructed as to your duties at the place of employment. Failure to report * * * will constitute a violation of the * * * Act * * * punishable by fine or imprisonment * * *." This order was explicit; it was, in its essence, a transfer of the working place from Iowa to Illinois and was clearly within the scope of the board's legal functions. It saved expense and inconvenience to which defendant would have been futilely subjected, if he had been directed to make another trip to report once more to the local board. It did not prejudice him; rather it was beneficial to him. Nothing appears in the record suggesting that he was deprived of procedural due process of law.

The recent case of United States v. Turner, 2 Cir., 244 F.2d 404 from which we have already quoted, seems decisive of this contention of defendant. There the court said, at page 406: "Nor do certain criticisms of the form of the local board's 'Order to Report for Civilian Work,' dated September 18, 1953, warrant extended comment. The printed words 'local board named above' were x-ed out, and over them was typewritten in, 'Auburn City Memorial Hospital, Auburn, N. Y.,' where appellant was ordered to report on September 28, 1953. We are told that 32 C.F.R. §§ 1606.51 and 1606.52 require the use of official forms, which must not be altered; that the regular procedure required that appellant be ordered to report to the local board, there to receive 'instructions to proceed to the place of employment'; and that the insertion of the name and address of the hospital and the deletion of the words 'local board named above' nullified the order. Indeed, the point is developed with considerable proliferation. It is asserted that everything depends upon the 'first step,' which is said to be reporting at the local board; and it is further claimed that a similar reporting at the board was an essential preliminary and jurisdictional prerequisite to the giving of any direction to report at the Poughkeepsie hospital. We thing these refinements wholly at variance with the scheme of the statute and the regulations. No essential or jurisdictional 'step' was omitted * * *."

That the case turned upon the same issue as that confronting us here is apparent from the court's further comment, at page 407, as follows: "The legal effect of appellant's failure to obey the direction of the State Director to report to the hospital at Poughkeepsie was a refusal to comply with the order of the

local board which determined the type of civilian work to be done and ordered appellant to do it." Defendant's argument that in that case the order of the local board was not under attack falls by the wayside in view of the court's language.

Finding no error in the record, the judgment is

Affirmed.