**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ray Austin BAGLEY, Defendant-
Appellant.**

**No. 28664.**

United States Court of Appeals,
Fifth Circuit.

Dec. 29, 1970.

Samuel S. Jacobson, Datz & Jacobson, Jacksonville, Fla. for appellant.

John L. Briggs, U. S. Atty., Allan P. Clark, Joseph W. Hatchett, Asst. U. S. Attys., Jacksonville, Fla., for appellee.

Before TUTTLE, DYER and SIMPSON, Circuit Judges.

TUTTLE, Circuit Judge:

■ This post induction Selective Service case presents, once again, the question of whether a draft board's failure to follow its own regulations constitutes reversible error. Because this court has long adhered to the proposition that "it is of the essence of the validity of board orders and of the crime of disobeying them that all procedural requirements be strictly and faithfully followed, and that a showing of failure to follow them with such strictness and fidelity will invalidate the order of the board and a conviction based thereon," Olvera v. United States, 223 F.2d 880, at 882 (5th Cir., 1955), we reverse.

In April, 1968, appellant applied for a ministerial (IV–D) exemption or, in the alternative, a conscientious objector (I–O) classification, based on his activity as a Jehovah's witness. These claims were denied, and on June 3, 1968, he requested a personal appearance. On that same day, appellant's employer (ITT Rayonier in Fernandina Beach, Florida) requested that he be given an occupational (II–A) deferment because of his work in the chemical department.

A personal appearance was scheduled for June 25, 1968. Prior to this date, appellant filed a written request for a conference with the Board's government appeals agent. This request was made pursuant to a written statement from the Board that he had a right to contest the denial of his application for a deferment and was entitled to the assistance of a government appeals agent for that purpose.[1]

---

1. This letter reads as follows:

"Enclosed is your Notice of Classification (SSS Form 110). Your right to ask for a personal appearance or an appeal within 30 days is prescribed on the reverse side of that Notice of Classification.

"Each local board has available a Government Appeal Agent to aid you with a personal appearance, an appeal,

Appellant received no response to his request. However, at the time of his personal appearance and in the presence of the Board and its clerk, he again requested a conference with the Appeals Agent. The record shows that the clerk stated that such a conference would be difficult to arrange and, in any event, it was not really necessary for she would provide appellant with whatever assistance he needed.

In addition to this advice, the Clerk, again in the presence of the Board, stated that appellant should pursue his request for a deferment by presenting only one claim at a time. That is to say, though appellant had three claims pending at the time of his personal appearance, he was told that they would deal only with his religious claim. If that claim was denied he should appeal, and if he lost, only then would they consider his other requests.

Appellant followed this procedure. Though he was engaged in anti-pollution efforts for ITT Rayonier, he desisted from any effort at establishing this occupational classification, until he learned whether or not his religious claim had been rejected by the Appeal Board. When the local board notified him that his appeal had been denied, however, they issued his order for induction the very same day. Appellant was thus precluded from ever fully establishing his other claims. At the induction station, he refused to take the symbolic step forward. He was convicted of violation of 50 App. U.S.C. § 462 and sentenced to five years imprisonment.

Appellant raises two main issues:

(1) Whether the misleading advice he received concerning the presentation of his three deferment claims constitutes grounds for reversal; and

(2) Whether the Board's failure to set up an appointment with the Gov-

ernment Appeals Agent also constitutes reversible error.

Assuming a registrant has several possible deferment claims pending before his local board at the time of his personal appearance, he is not only entitled to have all these claims considered, but is entitled to supplement the record regarding each or any of these claims. The regulations clearly require that the Local Board is required to consider a registrant's overall classification picture, and then place him in the lowest classification applicable to him. See 32 C.F.R. 1622.1(c), 1623.2. Indeed, the record includes a sample copy of a "Check Sheet for Appeals" used by many boards. The tenth question specifically asks whether the registrant was asked to submit evidence in support of all his claims.

The record also reveals that appellant fully intended to discuss all his possible classifications, including his II–A deferment. He testified that he intended to give his Board a full explanation of the anti-pollution research in which he was engaged, but that he made no effort to do so in light of the Clerk's advice. Because he was inducted the same day his religious exemption appeal was denied, he simply never had the opportunity to adequately state his case.

In light of the requirements of the regulations and the emphasis this court has placed on the value of explaining one's claims at the personal appearance, we find this to be reversible error. As this court has recently stated in Magaro v. Cassidy, 426 F.2d 137 (5th Cir., 1970), it is at the personal appearance that a registrant may:

"* * * discuss his classification, * * * point out the *class* or *classes* in which he thinks he should have been placed * * * direct attention to any information in his file which he believes the local board has over-

or any, other procedural right. The Appeal Agent or his representative will give you legal counsel on Selective Service matters only at no charge.

"If you should desire a meeting with him, this office will arrange a time and place for such meeting upon request."

looked or to which it has not given sufficient weight, and * * * present such further information as he believes will assist the board in determining his proper classification." Knox v. United States, 200 F.2d 398, 399 (9th Cir. 1952), quoting former provisions of 32 C.F.R. § 1624.2(b).

In addition to the above, appellant was denied an appointment with the Government Appeals Agent. In the context of this case, we feel that this, too, constitutes reversible error.

Although there is no explicit statement in the regulations of a right to confer with the Government Agent, the regulations clearly state each Board must have such an agent and that he is to have the following duties:

"1604.71 Appointment and Duties.

(a) For each local board a government appeal agent shall be appointed by the President upon recommendation of the Governor.

(b) * * *

(c) Each government appeal agent and associate government appeal agent shall be, whenever possible, a person with legal training and experience.

(d) It shall be the duty of the government appeal agent and in his absence or inability to act or at his direction, the duty of the associate government appeal agent:

(1) To appeal, as prescribed by the regulations in this chapter, from any classification of a registrant by the local board which is brought to his attention and, in his opinion, should be reviewed by the appeal board.

(2) To attend such local board meetings as the local board may request him to attend.

(3) To suggest to the local board a reopening of any case where the interests of justice, in his opinion, require such action and to submit to the local board, with such suggestion, the information obtained by this investigation of the case which has caused him

to arrive at his decision that the case should be reconsidered.

(4) To render such assistance to the local board as it may request by advising the members and interpreting for them laws, regulations, and other directives.

(5) To be equally diligent in protecting the interests of the government and the rights of the registrant in all matters.

(e) * * *

1626.61—Reconsideration of Appeal Board Determination.

(a) * * *

(b) At any time before the registrant is mailed an Order to Report for Induction (SSS Form 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form 153) the government appeal agent, if he deems it to be in the national interest or necessary to avoid an injustice, may prepare and place in the registrant's file a recommendation that the State Director and Selective Service either request the appeal board to reconsider the determination or appeal to the President. The registrant's file shall then be forwarded to the State Director of Selective Service. As soon as the State Director of the Selective Service has acted upon the recommendation of the government appeal agent he shall advise the local board and, if he determines neither to request the appeal board to reconsider its determination nor to appeal to the President, he shall return the file to the local board."

Moreover, in 1967, Selective Service Director Hershey issued Local Board Memorandum No. 82, providing:

"1. Whenever a local board places a registrant in either Class I–A, I–A–O, or I–O it shall, at the time the Notice of Classification (SSS Form 110) is mailed, also inform the registrant that the Government Appeal Agent is available to advise him on matters relating to his legal rights, including his right of appeal.

2. If the registrant desires to consult the Government Appeal Agent, he should notify the local board clerk, who will arrange a time and place for such meeting.

3. When the Government Appeal Agent is not available at the time the registrant wishes advice, the local board clerk will arrange a meeting with an Associate Government Appeal Agent or an Advisor to Registrants."

Clearly, the notification this memorandum requires would be meaningless if the registrant did not, upon request, have a right to confer with the Agent.

The Government, nonetheless, contends that the clerk's advice regarding the appeals agent was not prejudicial. It states that "the government appeals agent is not an attorney representing a registrant before the board" and that "as far as beneficial service to the registrant is concerned, the appeals agent may only advise him and file his appeal." (Government Brief at 16). Since an appeal was, in any event, filed without the benefit of the appeals agent's help, it is claimed that no prejudice resulted.

■ From the regulation regarding the duties of the appeals agent, it is clear that his function is or can be much more significant than the Government claims. He has the power to suggest a reopening of the local board's classifications. He can recommend consideration of Appeal Board decisions as well as recommend Presidential appeals. Surely, in living up to his duty to be "equally diligent in protecting the interests of the Government and the registrant in all matters," 32 C.F.R. 1604.71(5), it can readily be assumed that upon discovering that only one of the three pending claims was discussed at appellant's personal appearance, he would have requested a reopening so that all relevant information could be included in the record. Such a request would have been in the best interests of the registrant and the government. It would have given the registrant an opportunity to adequately make out his case and would have protected the Board from issuing an invalid induction order. In short, we conclude that a registrant has a right to meet with his local board's appeals agent if he so desires and that failure to arrange such an appointment was, in the context of this case, clearly prejudicial.

Appellant also argues that the transfer of his appeal to the Florida appeal board without his specific request, as required by the regulations, is yet another ground for reversal. Because this case presents two reversible errors on the part of the draft board, we find it unnecessary to determine whether this violation would also constitute reversible error.

Because the errors committed by the local board, in effect, invalidate their order of induction, the judgment of conviction and sentence is reversed and the case is remanded to the trial court with directions that the indictment be dismissed.

DYER, Circuit Judge (concurring in part and dissenting in part):

I agree that because of the misleading information given to appellant by the Board Clerk, appellant was denied the right to explain two of his claims for exemption during a personal appearance before the Board. This deprivation calls for reversal.

However, I do not agree that the Clerk's failure to arrange an appointment for appellant with a Government Appeals Agent constituted reversible error. On the bare record before us, I am unwilling to assume, as the majority does, what the Agent would have done in this case. To say that failure to arrange an appointment, without more, was prejudicial establishes a precedent which is neither sound nor required and which likely will return to haunt us. I respectfully dissent.