**UNITED STATES of America ex rel. George Garfield KHAMIS, Petitioner-Appellant,**

**v.**

**Custodian, Stanley RESOR, Respondent-Appellee.**

**No. 18845.**

United States Court of Appeals, Seventh Circuit.

Dec. 1, 1971.

Sidney Ezra, Chicago, Ill., for petitioner-appellant.

William J. Bauer, U. S. Atty., Matthias A. Lydon, Asst. U. S. Atty., Chicago, Ill., for appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel, assisted by Donald V. Jernberg, Northwestern University School of Law, Evanston, Ill.

Before KNOCH, Senior Circuit Judge, and FAIRCHILD and KERNER, Circuit Judges.

PER CURIAM.

Relator, George Garfield Khamis, has appealed to this Court after denial of petition for writ of habeas corpus to secure his discharge from the United States Army on the ground of alleged errors in his processing for induction through the Selective Service System. The relevant facts are the subject of stipulation by the parties.

Relator had been classified as II–S, a full-time student. This was changed to I–A, available for military service. On

September 14, 1968, he wrote asking to see a Government Appeal Agent to aid him with his "personal appearance, an appeal, or any other procedural right." Under date of October 24, 1968, the Local Board, No. 23, advised him to contact a named Government Appeal Agent, giving his telephone number. There is no indication that Relator made any attempt to do so.

When Relator's later request for classification as a conscientious objector was denied on November 4, 1969, he requested appeal and an appointment with a Government Appeal Agent. On January 5, 1970, the Local Board again advised him to contact the same Agent named before. He was also told that his file had been sent to the Appeal Board. Relator did not ask for assistance from the named Agent. The Appeal Board voted to retain him in Class I–A.

■ Relator now argues that it was the duty of the Board to set up an appointment for him and send him a notice of such appointment, forms for which are extant. Selective Service System Form entitled "Advice of Right to Personal Appearance and Appeal" states: "if you should desire a meeting with him [Government Appeal Agent] this local board office will arrange a time and place for such meeting upon request." Perhaps Relator was allowed to arrange his own meeting time because at the period with which we are concerned Local Board No. 23 had no Appeal Agent of its own and was using the Agent of another Board, as Relator was advised in the Board's letter of January 5, 1970.

We do not agree that providing Relator with a name and telephone number to call so that he might arrange his own appointment at his convenience prejudiced Relator. United States v. Neill, 7 Cir., 1957, 248 F.2d 383; United States ex rel. Luster v. McBee, 7 Cir., 1970, 422 F.2d 562, 570. Relator was not denied access to a Government Appeal Agent as were the petitioners in Kulas v. Laird, E.D., N.Y., 1970, 315 F.Supp. 345 and United States v. Bagley, 5 Cir., 1970, 436 F.2d 55, on which Relator relies, where the petitioners were not only refused an appointment with an Agent but were expressly given incorrect information on which they relied to their prejudice.

■ Without setting out any claim that there was no basis in fact for his classification, Relator conjectures that an Agent might have been of assistance, but he contends that it would have been futile to have recourse to the Agent named in the Board's letter once the file had been sent on to the Appeal Board.

In the event, a period of three months elapsed before the Appeal Board voted on Relator's case. There is no basis for a conclusion that the Agent's help was foreclosed once the file was dispatched. Provision is made in 32 C.F.R. 1626.61 for an Appeal Agent to intervene to avoid an injustice any time up to the mailing of an Order to report for induction.

The decision of the District Court is affirmed.

Affirmed.