**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Donald Bruce McGARVA, Defendant-Appellant.**

**No. 71-2075**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 10, 1972.

Rehearing Denied Feb. 4, 1972.

---

* ■ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Lawrence Kanzer, Miami, Fla., court appointed, for defendant-appellant.

Robert W. Rust, U. S. Atty., Mervyn L. Ames, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Donald Bruce McGarva (appellant) was charged with willfully failing and refusing to submit to induction into the armed forces of the United States, in violation of Section 462, Title 50 Appendix, United States Code. Following a jury trial and verdict of guilty the trial court adjudged him guilty and imposed a thirty months confinement sentence. On this appeal he urges reversal of the judgment below on the ground that the induction order was unlawful. Infringement of McGarva's rights by the Selective Service System is not demonstrated and accordingly we affirm.

On July 16, 1969, the appellant's local selective service board classified him Class I-A. Acting through his private, retained attorney, the appellant, on August 14, 1969, requested the local board to arrange an appointment for him with a Government Appeals Agent for the purpose of obtaining assistance in taking an appeal from the local board's classification action. The appointment request was approved on September 11, 1969. On October 2, 1969, the local board received the appellant's request for a Selective Service Form 150, Special Form for Conscientious Objector. That same day the requested form was mailed to him. The appellant returned the completed SSS Form 150 to the local board on November 14, 1969, and he appeared before the local board in support of his conscientious objector claim on December 4, 1969. The local board then voted (3–0) to retain the appellant in Class I-A. On December 12, 1969, the appellant was notified of the local board's decision and the appellant, acting through his private attorney, on January 9, 1970, requested the assistance of a Government Appeals Agent. The meeting between the appellant and the Government Appeals Agent took place on January 29, 1970. Soon thereafter, the Government Appeals Agent submitted his report to the Appeal Board. On March 20, 1970, the local board mailed a notice to report for induction to appellant. This notice was rescinded when the appellant's lawyer pointed out that such a notice was premature in view of the fact that the Appeal Board had not formally ruled. On May 6, 1970, the appellant was informed that he had been continued in Class I-A by the Appeal Board. Two days later he requested another appointment with a Government Appeals Agent for assistance in perfecting an appeal to the President of the United States. On May 14, 1970, the local board advised the appellant that, because the Appeal Board had unanimously denied his appeal, he had no further appeal rights. The appellant, on June 1, 1970, reported as ordered to an armed forces induction station but refused to submit to induction. This prosecution followed.

The appellant seeks reversal for two reasons (both of which were preserved for our review by means of an unsuccessful pretrial motion to dismiss the indictment):

. 1. The Selective Service System violated his Fifth Amendment due process rights by refusing to arrange an appointment with a Government Appeals Agent for the purpose of obtaining assistance in perfecting an appeal to the President from the Appeal Board's refusal to overturn the local board's classification decision; and

2. The Selective Service System's decision to deny the appellant's claim to conscientious objector status was without a basis in fact.

Although the contention is not clearly articulated in his briefs, the appellant additionally contends that the Government Appeals Agent with whom he met

on January 29, 1970, betrayed him by including certain comments in his report to the Appeal Board which conflicted with the confidential relationship between the two individuals.

### The Request for Appointment with a Government Appeals Agent

In United States v. Bagley, 5 Cir. 1970, 436 F.2d 55, the registrant had three claims for deferment pending at the time of his personal appearance before the local board. At that time he was told by the local board's clerk that the board would deal with only one claim at a time. As a result, the registrant failed to present evidence to the local board regarding his claim for an occupational deferment. Subsequently, the local and appeal boards denied his claims for ministerial and conscientious objector status and ordered him to report for induction without affording him an opportunity to pursue his claim for an occupational deferment. This Court, speaking through Judge Tuttle, held that in the context of that case it was reversible error for the Selective Service System to deny the registrant an appointment with a Government Appeals Agent for the purpose of taking an appeal to the Appeal Board.

■ We recognize the important role which a Government Appeals Agent can play in the selective service process. As we view this case, however, two material facts distinguish it from Bagley. (1) Unlike Bagley, McGarva dealt with the Selective Service System through a private, retained attorney. McGarva was not totally dependent upon a Government Appeals Agent for expert assistance in perfecting his appeal from the local board's classification decision; he was able to avail himself of the services of a licensed lawyer for this purpose. (2) Unlike Bagley, McGarva was not denied an appointment with a Government Appeals Agent for the purpose of obtaining assistance in perfecting an appeal to the Appeal Board. Because no member of the Appeal Board dissented from that body's decision to retain the appellant in Class I–A, 32 C.F.R. 1627.3 [1] precluded the appellant from taking an appeal to the President. Since the appellant had no right under the Selective Service Regulations to appeal to the President, it follows that the denial of his request for an appointment with a Government Appeals Agent for this purpose did not render the subsequent induction order unlawful.

### The Denial of the Conscientious Objector Claim

■ An examination of the appellant's Selective Service file reveals the following information. On February 14, 1969, the appellant joined the United States Air Force for the purpose of attending Officers Training School. Because he did not like the program, he was discharged on March 7, 1969, at which time he elected to return to civilian life rather than to undertake a four year term of service as an Air Force enlisted man. At his personal appearance before the local board on December 4, 1969, the appellant was asked if he would act to prevent an attack upon a member of his family or friend. The appellant responded that he would kill an intruder to prevent such an attack. In response to another question from the local board, the appellant said he did not know if he would have fought in World War II. When asked if he would attempt to repel an attack on his own person or those of his friends, he said that

1. Section 1627.3, Title 32, Code of Federal Regulations, reads:

"When a registrant has been classified by the appeal board and one or more members of the appeal board dissented from that classification, the registrant, any person who claims to be a dependent of the registrant, or any person prior to the classification appealed from filed a written request for the current occupational deferment of the registrant may appeal to the President within 30 days after the mailing by the local board of the Notice of Classification (SSS Form 110) notifying the registrant of this classification by the appeal board . . .".

he would. The appellant indicated to the members of the local board that he was opposed to this country's military activities in Vietnam. Following the appellant's interview with the Government Appeals Agent, the latter individual recorded the following information concerning the appellant:

"Registrant is employed by his father in the floor tile business. Registrant states that he is not a religious man; but he regards war as foolish; that he likes flying, but would not be active in the military under any condition; that he would resist an assault upon his person; that during his short stay at officers training school, he decided he disliked military life; that he taught school, but decided he did not like that. When asked if he would refuse to serve his country, if, in fact, we were presently in a declared war with Cuba and Cuban forces had already invaded Florida and were fast approaching Miami, registrant said 'I think I would'."

Our review of the information contained in the appellant's Selective Service file and our study of the applicable decisional law have convinced us that there was a "basis in fact", Estep v. United States, 327 U.S. 114, 122, 66 S. Ct. 423, 427, 90 L.Ed. 567, 573, for the Selective Service System's determination that the appellant did not qualify for exemption pursuant to Section 456(j), Title 50 Appendix, United States Code.[2]

### The Alleged Breach of a Confidential Relationship

 After summarizing the results of his interview with the appellant, the Government Appeals Agent, who was an attorney, made the following observations to the Appeal Board:

"The undersigned was not convinced that registrant was sure about his own feelings, the war generally, or his purpose in life. It was clear registrant does not want to be drafted".

The duties of a Government Appeals Agent are set forth in Section 1604.71(d), Title 32, Code of Federal Regulations. Subsection (5) instructs the Government Appeals Agent "to be equally diligent in protecting the interests of the Government and the rights of the registrant in all matters". In some situations, this mandate might well place a Government Appeals Agent who is an attorney in a position which conflicts with his ethical obligations under Canon 4 of the Code of Professional Responsibility.[3] More importantly, such a mandate could result in a conflict of interests situation which would constitute a deprivation of a registrant's right to due process of law under the Fifth Amendment.

We believe that Section 1604.71(d)(5) has not caused a conflict of loyalties of constitutional dimension in this case for the reason that the appellant was represented by private, retained counsel throughout the Selective Service process. The appellant's private attorney owed a duty of loyalty only to him. Had the appellant not been so represented, the comments of the Government Appeals Agent quoted above would have to be subjected to close scrutiny within the total factual context of this case to determine whether there was an unconstitutional deprivation of procedural rights.

Affirmed.

---

2. Section 456(j), Title 50 Appendix, United States Code, reads, in part, as follows:
 "Nothing contained in this title shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. . . .".

3. Adopted by the House of Delegates of the American Bar Association of August 12, 1969 to become effective for American Bar Association members on January 1, 1970.
 We further note, since this case arose in Florida, that the Code of Professional Responsibility was adopted by the Supreme Court of Florida, the governing body of the integrated Florida Bar on June 3, 1970.