No. 71–6274.  McGarva v. United States.

The Chief Justice, Mr. Justice Powell, and Mr. Justice Rehnquist would deny certiorari.

Mr. Justice Douglas, whom Mr. Justice Brennan joins.

This case involves a Selective Service registrant whose local board denied him a conscientious objector exemption. In order to secure aid for his appeal, the registrant met with a Government appeals agent. The agent made out a report which was placed in the registrant's file, and which was before the appeal board when it considered petitioner's claim. The report was unfavorable, and the Solicitor General so concedes. The Solicitor General also concedes that because of the appeal agent's special position in the Selective Service System, his views probably carried substantial weight with the appeal board. Yet, this crucial report was not shown to the registrant, so that he might have attempted to rebut the unfavorable statements contained therein.

It is clear from the decisions of this Court over the past two decades that the failure to show this report to the registrant was a violation of the statutory mandate that the "system of selection" be "fair and just." 50 U. S. C. App. § 451 (c).

Thus, this Court has held that where provisions were

made in the Act for FBI reports on claimants for conscientious objector exemptions,

> "in accordance with the statutory plan and the concepts of basic fairness which underlie all our legislation . . . the Department must furnish the registrant with a fair résumé of the FBI report." *Simmons* v. *United States,* 348 U. S. 397, 405.

And, when the Act contemplated that the Department of Justice should recommend to a registrant's appeal board whether a conscientious objector exemption should be granted or denied, this Court held that

> "the over-all procedures set up in the statute and regulations, designed to be 'fair and just' in their operation, 62 Stat. 605, 50 U. S. C. App. § 451 (c), require that the registrant receive a copy of the Justice Department's recommendation and be given a reasonable opportunity to file a reply thereto." *Gonzales* v. *United States,* 348 U. S. 407, 417.

In 1967, the provisions relating to Justice Department hearings and recommendations were deleted from the Act. The statutory mandate of § 451 (c), however, remains unchanged. And, "viewed against our underlying concepts of procedural regularity and basic fair play," *id.,* at 412, the appellate procedures employed in this case cannot stand. "[I]t is procedure that marks much of the difference between rule by law and rule by fiat." *Wisconsin* v. *Constantineau,* 400 U. S. 433, 436.

The use of adverse information not disclosed to the registrant is exactly analogous to the FBI report summary not disclosed to the registrant in *Simmons,* and the Justice Department recommendation kept from the registrant in *Gonzales.* The failure to disclose the use of such material vitiates petitioner's statutory right of appeal. For no appeal procedure can be "fair" where only one side has had an opportunity to present its case.

Moreover, the very nature of the procedural error renders impossible the application of a "harmless error" test, and we so held in *Simmons*. Commenting on the effect of a finding that the petitioner therein had not been given a fair résumé of the adverse information in the FBI report, the Court explicitly stated:

"This is not an incidental infringement of technical rights. Petitioner has been deprived of the fair hearing required by the Act, a fundamental safeguard, *and he need not specify the precise manner in which he would have used this right—and how such use would have aided his cause—in order to complain of the deprivation.*" 348 U. S., at 406. (Emphasis added.)

Unless we are to overrule these cases, which have found uniform acceptance by the lower courts (see, *e. g., United States* v. *Thompson*, 431 F. 2d 1265, 1271; *United States* v. *Cabbage*, 430 F. 2d 1037, 1039–1041; *United States* v. *Cummins*, 425 F. 2d 646; *United States* v. *Owen*, 415 F. 2d 383, 388–389), we must accept the Solicitor General's confession of error and reverse the judgment below.