**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Donald Bruce McGARVA, Defendant-Appellant.**

**No. 71-2075.**

United States Court of Appeals, Fifth Circuit.

Aug. 1, 1972.

Lawrence Kanzer, Miami, Fla. (court appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Mervyn L. Ames, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

BY THE COURT:

ORDER IN COMPLIANCE WITH MANDATE OF UNITED STATES SUPREME COURT

By our prior opinion in this case, United States v. McGarva, 5 Cir. 1972, 453 F.2d 918, we affirmed McGarva's conviction for willfully failing and refusing to submit to induction into the armed forces of the United States, in violation of Section 462, Title 50, Appendix, United States Code. On May 30, 1972, the Supreme Court vacated our judgment in this case, and remanded it to us "for reconsideration in light of the position presently asserted by the Government".

McGarva v. United States, 1972, 406 U.S. 341, 92 S.Ct. 2067, 32 L.Ed.2d 341.

We have obtained a copy of the Solicitor General's brief before the Supreme Court. The government confessed error in these terms:

"Petitioner asserts that he was never provided a copy of the government appeal agent's report that was placed in his file after the local board's classification decision. That report, he contends (Pet. 16), 'may have improperly and adversely affected the decision of the State Appeal Board in violation of the petitioner's constitutional rights.' [footnote omitted]

"The report in question does, we think, comment unfavorably on petitioner's claim. The government appeal agent stated (Pet.App. E–9) that he 'was not convinced that registrant was sure about his own feelings, the war generally, or his purpose in life. It was clear registrant does not want to be drafted.' This Court and others have generally recognized that when new information is added by others to a Selective Service file subsequent to the local board's classification, procedural due process requires that the registrant be furnished a copy of the supplemental statement and be accorded the opportunity to respond in writing. [citations omitted] That procedure was not followed in this case.

And, while it might be argued that the government appeal agent's statement merely sets forth what was already apparent on the face of petitioner's claim, we recognize that the unique function that the government appeal agent serves—i. e., '[t]o be equally diligent in protecting the interests of the Government and the rights of the registrant in all matters' (32 C.F.R. 1604.71(d) (5))—makes it likely that the State Appeal Board attached more weight to his observations than it would have attached to a similar comment made by someone else.

"In these circumstances, we are of the opinion that the failure to inform petitioner of the existence of the government appeal agent's adverse report 'so that he could be afforded an opportunity to rebut' (Pet. 15) was a fatal error in the processing of petitioner's claim. [footnote omitted]

"It is therefore respectfully submitted that the petition for a writ of certiorari should be granted, the judgment of the court of appeals vacated and the conviction reversed." Memorandum for the United States, pp. 6–8, filed in the Supreme Court April 27, 1972."

This position now asserted by the government presents issues not raised before us on the prior appeal by either party.

In consideration of the foregoing, it is ordered:

1. Our prior opinion, 453 F.2d 918, is vacated.

2. This cause is remanded to the district court with directions to set aside McGarva's conviction and dismiss the indictment, on the grounds that McGarva was not furnished a copy of the government appeal agent's report and was not afforded an opportunity to respond to the adverse material contained therein.

Prior opinion vacated, and cause remanded with directions.