UNITED STATES of America

v.

Paul Deemer JOHNSTON.

UNITED STATES of America

v.

John SOKOL.

Cr. Nos. 17804, 17879.

United States District Court
E. D. Pennsylvania.

March 17, 1955.

W. Wilson White, U. S. Atty., Philadelphia, Pa., for plaintiff.

Michael Hahalyak, Pittsburgh, Pa., for defendants.

GANEY, District Judge:

Each of the defendants' motion to dismiss the indictment against him raises the troublesome question of venue-jurisdiction. Defendants were indicted for knowingly neglecting to perform a duty

imposed upon them pursuant to the provisions of the Universal Military Training and Service Act of 1948, 62 Stat. 604, as amended, 50 U.S.C.A.Appendix, § 451 et seq.

The defendant, Paul Deemer Johnston, resided in the Western District of Pennsylvania. He registered under the Act with his local draft board in that district, and throughout his selective proceedings he dealt only with selective service personnel there. He was finally given a I-O classification as a conscientious objector, which entitled him to perform two years of civilian work contributing to the national health in lieu of his being inducted into the armed forces. Subsequently the local board, in accordance with Selective Service regulations, notified him by mail in the western judicial district of Pennsylvania to report to it for the assignment of civilian work. He was instructed to report to the Norristown State Hospital located in the Eastern District of Pennsylvania, the judicial district of this court, on November 30, 1953. At the time of the assignment, he personally notified the board of his refusal to accept such employment. He has not entered this district to report for the assigned work.

The story of the other defendant, John Sokol, is parallel to that of defendant Johnston.

On the assumption that when the omission to perform a duty constitutes a crime, the venue is in the judicial district in which the duty should have been performed, the Government indicted the defendants in this district.[1]

Our problem, as in United States v. Anderson, 1946, 328 U.S. 699, 705, 66 S.Ct. 1213, 90 L.Ed. 1529, is to ascertain what duty it was, the failure to perform, that constituted the crime, and what acts of the defendants constituted the violation in order to determine where the crime was committed.

Clearly the duty in each case was to report to the State hospital, the place of performance, in this judicial district. However we think the violation was the defendants' refusal to report to the place of performance. The refusal in both cases took place in the Western District of Pennsylvania, and not in this district where defendants were never physically present.[2] Penor v. United States, 9 Cir., 1948, 167 F.2d 553, 555; United States v. Chiarito, D.C.Or.1946, 69 F.Supp. 317, 322-325.

Accordingly, the defendant's motion in each case to dismiss the indictment will be allowed for lack of jurisdiction.

---

1. Cf.: Footnote 14 of United States v. Anderson, 1946, 328 U.S. 699, on page 705, 66 S.Ct. 1213, on page 1217, 90 L. Ed. 1529.

2. See footnote 11 of United States v. Anderson, 328 U.S. 699, on page 704, 66 S.Ct. 1213, on page 1217, 90 L.Ed. 1529, in which the Court pointed out that "the Department of Justice in 1942 had instructed United States Attorneys that, in cases of failure to report for induction 'venue is in the district where the subject was ordered to report,' *apparently without regard to whether he had been present physically there.*" (Italics supplied.)