UNITED STATES of America
v.
Dudley A. PATTESON.
No. 9391.

United States District Court
D. Kansas.
May 16, 1955.

Selby S. Soward, Asst. U. S. Atty., Topeka, Kan., for plaintiff.

Hayden C. Covington, Brooklyn, N. Y., for defendant.

MELLOTT, Chief Judge.

The issue before the court arises upon a motion to dismiss. The indictment charges that the defendant, having registered with Local Board No. 57 for Oklahoma County, Oklahoma, having been classified by that board I–O, and the board having issued an order for him to report on July 25, 1954 for civilian work contributing to the maintenance of national health, safety and interest, "did knowingly and willfully refuse, neglect and fail to report at the Topeka [Kansas] State Hospital at the time and place so designated in said order."

When the case came on for trial, after it had been shown to the court that the defendant was at all times in the State of Oklahoma, that the files were with the local board in that district, that it was the state and district of the residence of the defendant, and that the refusal to report at the time and place charged in the indictment had taken place in the Western District of Oklahoma, the court concluded that the venue lay in that district and *sua sponte* ordered the case transferred there for trial under the provisions of Rule 21(b) [1] of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

After the file was transmitted to the United States District Court for the Western District of Oklahoma, one of the

1. "Rule 21. Transfer from the District or Division for Trial.

\*    \*    \*    \*    \*    \*

"(b) Offense Committed in Two or More Districts or Divisions. The court upon motion of the defendant shall transfer the proceeding as to him to another district or division, if it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged."

judges of that court signed an order retransferring the case to this court for further proceedings and directing the clerk of that court "to transfer his file from his office to the office of the Clerk of the United States District Court for the District of Kansas."

In the motion to dismiss, subsequently filed in this court, it is alleged:

"The defendant was indicted for knowingly failing to perform a duty imposed upon him under the Universal Military Training and Service Act [50 U.S.C.A.Appendix, § 451 et seq.]. The defendant resides in Oklahoma City, which is within the jurisdiction of the United States District Court for the Western District of Oklahoma. He registered under the act with his local board in Oklahoma City. Throughout his entire processing he dealt only with the selective service officials in the State of Oklahoma. He was finally ordered by the Oklahoma City board to perform work at the Topeka State Hospital at Topeka, Kansas. He reported at his local board in Oklahoma City and personally notified the board that he would refuse to accept such employment at the Topeka State Hospital. He never at any time reported at the Topeka State Hospital. He never left the State of Oklahoma or the Western District of Oklahoma to report for the assigned work. The failure to perform the duty that constitutes the offense occurred in the State of Oklahoma. The refusal to report to the hospital was an act that was committed in the Western District of Oklahoma and not in the District of Kansas."

Apparently, counsel for the United States does not controvert any of the basic facts. In a memorandum opposing the motion to dismiss it is stated:

"It is the position of the United States that jurisdiction of the offense alleged in this Indictment is in the District of Kansas. It is in this district that the work required would have been performed. Therefore the omission which constitutes the criminal act necessarily occurs in this district."

One of the cases cited in the memorandum supports the contention made. In United States v. Sutter, D.C.S.D.Cal., 127 F.Supp. 109, 115, two registrants in the Northern District of California had been ordered to report to the Los Angeles County of Charities within the Southern District of California. It was held, apparently largely on the basis of language used in Jones v. Pescor, 8 Cir., 169 F.2d 853, that venue lay in, and jurisdiction existed with, the District Court for the Southern District of California. Judge Ganey of the Eastern District of Pennsylvania, however, under facts essentially parallel—registrants in Western District ordered by board in that district to report to Norristown State Hospital located in the Eastern District—held that the indictments should be dismissed for lack of jurisdiction. United States v. Johnston (U. S. v. Sokol), 131 F.Supp. 955.

The latter view, this court believes, is the sounder. United States v. Anderson, 328 U.S. 699, 66 S.Ct. 1213, 1217, 90 L.Ed. 1529, cited in both opinions and in the memorandum filed by the United States here, did not decide the present question. It is still "necessary in order to decide where the crime is committed to ascertain what duty it was, the failure to perform which constitutes the crime, * * *." The duty of this defendant was to follow the order of the Oklahoma Board, given to him in Oklahoma, to report on July 25, 1954 for civilian work contributing to the maintenance of national health, safety and interest. His failure to do so constitutes the crime charged in the indictment.

Order is being entered sustaining the motion to dismiss the indictment.