## JOHNSTON ET AL. v. UNITED STATES.

NO. 643.

Argued May 2–3, 1956.—Decided May 21, 1956.

*Hayden C. Covington* argued the causes and filed a brief for petitioners in No. 643 and respondent in No. 704.

*Carl H. Imlay* argued the causes for the United States. With him on the brief were *Solicitor General Sobeloff, Assistant Attorney General Olney* and *Beatrice Rosenberg.*

MR. JUSTICE REED delivered the opinion of the Court.

These two cases concern the prosecution of three defendants for violations of the provisions of the Universal Military Training and Service Act. 50 U. S. C. App. § 451 *et seq.* We must determine the proper venue for the trial of these crimes.

Defendants Johnston and Sokol resided in the Western Judicial District of Pennsylvania and registered there with the local draft boards. Both were classified 1–O (conscientious objectors) and both were ordered to report to the boards for assignment of civilian work in lieu of induction. They were instructed to report to separate state hospitals situated in the Eastern Judicial District of Pennsylvania. They reported to the boards but personally refused to comply with the instructions. They were indicted in the Eastern District of Pennsylvania and the indictments were dismissed for lack of jurisdiction on the ground that venue could only be in the Western District. 131 F. Supp. 955. The Court of Appeals for the Third Circuit reversed and remanded the case for trial. That court reasoned that venue was where the defendants failed to report. 227 F. 2d 745.

Defendant Patteson, likewise classified 1–O, was ordered to report to his local board in Oklahoma for similar assignment. He, too, reported to the board and there personally refused to comply with instructions to report at the Topeka, Kansas, State Hospital. After indictment in Kansas, the Kansas District Court ordered the case transferred to Oklahoma under Rule 21 (b), Fed. Rules

Crim. Proc.[1] The Oklahoma court retransferred the case to Kansas as it thought the venue was there. The Kansas court thereupon dismissed the indictment on the ground that the venue was in Oklahoma. 132 F. Supp. 67. The judgment was affirmed by the Court of Appeals for the Tenth Circuit. 229 F. 2d 257.

Each registrant received an order, the pertinent parts of which follow:

"SELECTIVE SERVICE SYSTEM

## "ORDER TO REPORT FOR CIVILIAN WORK AND STATEMENT OF EMPLOYER

. . . . .

"You are ordered to report to the local board named above at    m. on the      day of      , 195 , where you will be given instructions to proceed to the place of employment.

"You are ordered to report for employment pursuant to the instructions of the local board, to remain in employment for twenty-four (24) consecutive months or until such time as you are released or transferred by proper authority.

"You will be instructed as to your duties at the place of employment.

"Failure to report at the hour and on the day named in this order, or to proceed to the place of employment pursuant to instructions, or to remain in this employment

---

[1] "(b) OFFENSE COMMITTED IN TWO OR MORE DISTRICTS OR DIVISIONS. The court upon motion of the defendant shall transfer the proceeding as to him to another district or division, if it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged."

218

the specified time will constitute a violation of the Universal Military Training and Service Act, as amended, which is punishable by fine or imprisonment or both.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(Clerk or Member of the Local Board)

"STATEMENT OF EMPLOYER

.         .         .         .         .

"Failed to report

. . . . . . . . . . . . . . . . . . . . . . . . . . . .
"Personnel Director" [2]

None of the registrants entered the district of his indictment after receiving his orders.

The indictment in each case charges the registrant, a conscientious objector,[3] with violation of § 12 (a) of the Act.[4]  In the Johnston indictment the pertinent language is:

". . . did knowingly neglect to perform a duty imposed upon him by the provision of said Act in that

[2] The stipulations in the *Johnston* and *Sokol* cases show the use of this form.  The *Patteson* case also was argued on this understanding and defendant's motion to dismiss was sustained on allegations of fact that confirm our assumption that his order also was on the same form.

[3] 50 U. S. C. App. § 456 (j):
". . . Any person claiming exemption from combatant training and service because of such conscientious objections whose claim is sustained by the local board shall . . . in lieu of such induction, be ordered by his local board . . . to perform . . . such civilian work . . . as the local board may deem appropriate and any such person who knowingly fails or neglects to obey any such order from his local board shall be deemed, for the purposes of section 12 of this title, . . . to have knowingly failed or neglected to perform a duty required of him under this title. . . ."

[4] 50 U. S. C. App. § 462 (a):
"Any . . . person . . . who in any manner shall knowingly fail or neglect or refuse to perform any duty required of him under or in

he failed and refused to obey an order of Local Board 87, New Castle, Pennsylvania, directing him to report for employment at Norristown State Hospital, Norristown, Pennsylvania, and to remain employed there for twenty-four consecutive months in violation of Title 50, U. S. C. Appx., Sections 456 and 462, as amended."

In the Sokol case it is:

". . . did knowingly neglect to perform a duty . . . in that he failed to report to the Philadelphia State Hospital, . . . for assignment to perform civilian work contributing to the maintenance of the national health, safety or interest, in lieu of induction; in violation of Title 50 Appx. Secs. 456 (j) and 462."

In the Patteson case it is:

". . . did knowingly and willfully refuse, neglect and fail to report at the Topeka State Hospital at the time and place so designated in said order."

The question at issue in these three cases is fairly presented by the registrants Johnston and Sokol in their petition for certiorari. It reads thus:

"Where each petitioner resided in the Western District of Pennsylvania, the Selective Service local board of each was located in the Western District of Pennsylvania, the orders to perform work were issued in the Western District of Pennsylvania and each petitioner did not go beyond his local board in the Western District of Pennsylvania and at all times refused to leave the Western District of Pennsylvania

---

the execution of this title . . . , or rules, regulations, or directions made pursuant to this title . . . shall, upon conviction in any district court of the United States of competent jurisdiction, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment . . . ."

and did not proceed to the Eastern District of Pennsylvania, were the offenses committed in the Western District of Pennsylvania and not in the Eastern District and, therefore, does it violate rights guaranteed by the Sixth Amendment to the Constitution to indict and prosecute each petitioner in the Eastern District of Pennsylvania?"

Our analysis of the law and the facts in these cases convinces us that the venue of these violations of the orders lies in the district where the civilian work was to be performed, that is, for Patteson in Kansas, and the Eastern District of Pennsylvania for Johnston and Sokol.

We are led to this conclusion by the general rule that where the crime charged is a failure to do a legally required act, the place fixed for its performance fixes the situs of the crime.[5] The possibility that registrants might be ordered to report to points remote from the situs of draft boards neither allows nor requires judicial changes in the law of venue. No showing of any arbitrary action appears in these cases. Article III of the Constitution and the Sixth Amendment fix venue "in the State" and "district wherein the crime shall have been committed." The venue of trial is thereby predetermined, but those provisions do not furnish guidance for determination of the place of the crime. That place is determined by the acts of the accused that violate a statute. This requirement of venue states the public policy that fixes the situs of the trial in the vicinage of the crime rather than the

---

[5] *Rumely* v. *McCarthy,* 250 U. S. 283; *United States* v. *Lombardo,* 241 U. S. 73; *Jones* v. *Pescor,* 169 F. 2d 853; *New York Central & H. R. Co.* v. *United States,* 166 F. 267. See cases cited in *United States* v. *Anderson,* 328 U. S. 699, 705, n. 14, and see *United States* v. *Wyman,* 125 F. Supp. 276, 280. Compare state court decisions which hold that a State may punish a father for nonsupport of his child even though the defendant is outside the State while committing the offense. Comment, 6 Stan. L. Rev. 709.

residence of the accused. Cf. *United States* v. *Anderson,* 328 U. S. 699, 705. A variation from that rule for convenience of the prosecution or the accused is not justified. The result would be delay and confusion.[6]

This rule was followed in *United States* v. *Johnson,* 323 U. S. 273, relied on by the registrants, where a maker and shipper of dentures mailed in Illinois was charged in Delaware, the State of receipt by a consignee, with violating the law by "use" of the mails "for the purpose of sending or bringing into" a State such dentures. *Id.,* at 274. This Court, by interpretation of the statute, restricted prosecution of the shipper to the State of the shipment saying:

> "It is a reasonable and not a strained construction to read the statute to mean that the crime of the sender is complete when he uses the mails in Chicago, and the crime of the unlicensed dentist in California or Florida or Delaware, who orders the dentures from Chicago, is committed in the State into which he brings the dentures. As a result, the trial of the sender is restricted to Illinois and that of the unlicensed dentist to Delaware or Florida or California." *Id.,* at 277–278.[7]

Venue for these prosecutions lies where, under § 12 (a), *supra,* the registrants did "knowingly fail or neglect or refuse to perform any duty required of him under or in the execution of this title . . . , or rules, regulations, or directions made pursuant to this title . . . ." These reg-

---

[6] Cf. *United States* v. *Lombardo,* 241 U. S. 73, 78; *Haas* v. *Henkel,* 216 U. S. 462.

[7] See also *United States* v. *Wilson* and *United States* v. *Purchasing Corp.,* 344 U. S. 923, where in an interpretation of a statutory duty to "forward" a report of shipments under the Tobacco Tax Act, 63 Stat. 884, we approved the District Court judgment that venue for prosecution was in the district of the shipper rather than the district of the receiver of the report.

istrants were made subject to § 12 (a) by § 6 (j), which declares that a conscientious objector who fails or neglects to obey an order of his local board shall be deemed to have "failed or neglected to perform a duty required of him" by § 12.[8]

The orders set out above, p. 217, could only be the basis of one conviction but they directed the registrant to perform two duties. The first is to report to the local board. This was done by each registrant. The second is to report for employment and to remain there in employment for 24 consecutive months. The "instructions to proceed" given by the board and the statement that "failure . . . to proceed to the place of employment pursuant to instructions" would constitute a crime, are for the registrant's information. They did not create another duty. This appears emphatically from the characterization in the explanatory paragraph that failure to report or proceed to the place of employment would be a violation of orders. The crimes charged arise from failure to complete the second duty—report for employment. Accordingly venue must lie where the failure occurred. See cases cited above, n. 5.

It will be noted that the indictments set out the place of the alleged crimes in the terms of the orders and give jurisdiction for trial in the Eastern District of Pennsylvania and the District of Kansas. In each instance, the charge is failure to perform a "duty" in that the registrant

---

[8] We ruled in the case of *Dodez* v. *United States*, 329 U. S. 338, that Dodez had exhausted his administrative remedies and therefore could defend on indictment his failure when he violated an order to report to the local board for work of national importance. Venue was laid in the District of the Board. No question was raised or decided here as to venue. Petition for certiorari, p. 2; Brief of the United States. Furthermore, as the United States points out in this case, at the time of Dodez' breach, the Government delivered the conscientious objector registrants to the place of work. See Order to Report for Work, R. 155, No. 86, 1946 Term.

failed "to report" to the respective hospitals. Thus, the indictments, based on the charged violation of the order, follow, as we see it, the requirements of law for trial in the State and district where the crime was committed.

We affirm the Court of Appeals for the Third Circuit in No. 643, *Johnston* and *Sokol,* and reverse the Court of Appeals for the Tenth Circuit in No. 704, the *Patteson* case.

*No. 643, affirmed.*
*No. 704, reversed.*

MR. JUSTICE DOUGLAS, with whom THE CHIEF JUSTICE and MR. JUSTICE BLACK concur, dissenting.

Patteson, who lives in Oklahoma and defied his draft board there, is required to stand trial in Kansas. Johnston and Sokol, who live in the Western District of Pennsylvania and defied their draft board there, are forced by this decision to stand trial in the Eastern District. Yet each defied the law at home, not in the distant place. Unlike *United States* v. *Anderson,* 328 U. S. 699, no act of any kind was committed in the distant district. Unlike *Rumely* v. *McCarthy,* 250 U. S. 283, and *United States* v. *Lombardo,* 241 U. S. 73, Congress has not specifically selected the failure to perform an act in the distant district and made it a crime. The statutory crime is the failure of a conscientious objector, directed to perform civilian work, "to obey any such order from his local board." 62 Stat. 612, as amended, 65 Stat. 86, 50 U. S. C. App. § 456 (j). The argument in the case has been like a theological debate over the number of angels who can stand on the head of a pin. Of course, the duty to obey can be divided up into a whole series of duties. But, when the registrant is adamant in his refusal to budge from his home town and stays at home defying the local authorities, the crime he has committed has been committed at home.

Any doubts should be resolved in favor of the citizen. We should construe the statute against two historic constitutional provisions. Article III, § 2, cl. 3, provides that "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed." And the Sixth Amendment guarantees an accused "a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law . . . ." While we have here a statutory problem, not a constitutional one, the history of the two constitutional guarantees throws light on the problem of venue. When the British Parliament proposed taking Americans abroad or to another colony for trial, the Virginia Resolves of May 16, 1769, voiced the unanimous view that "thereby the inestimable Privilege of being tried by a Jury from the Vicinage, as well as the Liberty of summoning and producing Witnesses on such Trial, will be taken away from the Party accused." *

The boys in the present cases suffer comparably. For their defiance of their local boards they are sent to distant places for trial where they have no friends, where they are unknown, and to which all witnesses must be transported. Congress would have the power to fix the venue there. But it has not done so unambiguously. Cf. *United States* v. *Midstate Co.,* 306 U. S. 161, 166; *United States* v. *Johnson,* 323 U. S. 273, 276. I would read the statute with an eye to history and try the offenders at home where our forefathers thought that normally men would receive the fairest trial.

---

*Journals of the House of Burgesses of Virginia, 1766–1769, p. 214.