The judgment of the district court will be affirmed.

**UNITED STATES of America,**

v.

**Wilbert Will SMITH, Appellant.**

**No. 72–1873.**

United States Court of Appeals,
Third Circuit.

Argued Dec. 14, 1972.

Decided Feb. 7, 1973.

Certiorari Denied May 7, 1973.

See 93 S.Ct. 2162.

Michael P. Malakoff, Berger & Kapetan, Pittsburgh, Pa., for appellant.

Richard L. Thornburgh, U. S. Atty., David M. Curry, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before SEITZ, Chief Judge, and ALDISERT and MAX ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Wilbert Will Smith was tried and convicted without a jury in the United States District Court for the Western District of Pennsylvania on a two count indictment for violation of the Selective Service Act. Smith was found to have violated 50 App.U.S.C. § 462 by (1) failing to report for an armed forces neuropsychiatric examination and (2) failing subsequently to report for induction. He was given a 30 day sentence on count one, and sentence was suspended on count two.

On appeal Smith challenges the sufficiency of the indictment, the propriety of various Selective Service local board procedures and the determination by the armed forces that Smith was fit for service.

■ Appellant claims that he was convicted on the first count for a different crime than that for which he was indicted, and that this discrepancy between indictment and proof was an amendment, fatal *per se*. Gaither v. United States, 134 U.S.App.D.C. 154, 413 F.2d 1061, 1071–1072 (1969); United States v. De-Cavalcante, 440 F.2d 1264, 1270–1271 (3d Cir. 1971).

The first count of the indictment concerned Smith's failure to appear for a neuro-psychiatric examination on March 16, 1971. Smith had been classified 1Y for psychiatric reasons until December 23, 1970, when his local board reclassified him on the basis of a December 8, 1970, armed services physical which found him fit. On February 1, 1971, Smith was ordered by his local board to report for an induction physical on February 18, 1971. Smith did report, but the examining physicians felt there was a need for another neuro-psychiatric examination. The armed services personnel set March 16, 1971, for the examination. They notified the local board of the date, and the local board executive secretary in turn notified Smith. Smith did not attend that examination.

The first count of the indictment read:

That on or about the 16th day of March, 1971 at Pittsburgh, in the County of Allegheny in the Western District of Pennsylvania, the defendant, WILBERT WILL SMITH, being, in pursuance of the Military Selective Service Act of 1967, a registrant with Local Board No. 16 at Pittsburgh, Pennsylvania, unlawfully, wilfully and knowingly did fail and neglect to perform a duty required of him by the said Act and the rules, regulations and directions issued pursuant thereto, in that the defendant, while being processed at the Armed Forces Examining and Induction Station in Pittsburgh, Pennsylvania for induction into the Armed Forces of the United States, did fail, neglect, and refuse to undergo a neuro-psychiatric examination under the direction and orders of representatives of the Armed Forces of the United States. In violation of Title 50, Appendix, United States Code, Section 462(a).

Appellant's claim is that the indictment charged him with failing to follow an order from "the Armed Forces of the United States," but that he was convicted for violation of an order from his local board. He claims that he was not under Armed Forces jurisdiction at his physical examination and thus not under a legal duty to follow Armed Forces personnel's orders. Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917 (1944). It was therefore necessary for the Government to show that he violated a local board order, appellant claims, to establish his guilt. Swift v. Director of Selective Service, 145 U.S.App.D.C. 224, 448 F.2d 1147 (1971).

The Supreme Court has stated that "[c]onvictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused." Smith v. United States, 360 U.S. 1, 9, 79 S.Ct. 991, 996, 3 L.Ed.2d 1041 (1959). Smith was amply and definitely informed of the charges against him so that he was enabled to present his defense and not be taken by surprise by the evidence offered at trial. The indictment sufficiently protects him against another prosecution for the same offense.

Appellant admits that he was not prejudiced by the failure of the indictment to specify that he had been ordered by his local board to the examination. He therefore has no grounds for reversal of conviction if the proof at trial is deemed to be an indictment variance and not an indictment amendment. United States v. Dreer, 457 F.2d 31, 33–34 (3d Cir. 1972).

We discussed the difficulty of distinguishing indictment variances from indictment amendments in United States

v. DeCavalcante, 440 F.2d 1264, 1271–1272 (3d Cir. 1971), noting that:

> The policy expressed by the Court in *Russell* "is effectuated by preventing the prosecution from modifying the theory and evidence upon which the indictment is based." United States v. Silverman, 430 F.2d 106, 110 (2d Cir. 1970).

And further, that:

> Our inquiry, however, is limited to "whether on its face [the indictment] presents evidence which assures us that such essential elements were presented to the [grand] jury and deliberated upon by them in returning the indictment." United States v. Silverman, *supra* at 111.

In the present case, the prosecution did show at trial that Armed Forces personnel determined at the February 18 induction physical that Smith should return for further neuro-psychiatric examination on March 16. The only question is whether the failure to specifically allege in the indictment that Smith had also been ordered to that March 16 examination by his local board made entry of the local board notification of Smith into evidence a constructive amendment of the indictment.

■ The absence in the indictment of a specific reference to the local board order does not render it fatally defective. The indictment alleges that Smith failed "to perform a duty required of him" by the Selective Service Act. When violation of such a duty is alleged, it is not necessary that the indictment explicitly state that a local board order was made. United States v. Johnston, 227 F.2d 745, 747 (3d Cir. 1955), aff'd, 351 U.S. 215, 76 S.Ct. 739, 100 L.Ed. 1097 (1956); *cf.* United States v. Wernecke, 138 F.2d 561, 563–564 (7th Cir. 1943), cert. denied, 321 U.S. 771, 64 S.Ct. 529, 88 L.Ed. 1066 (1944).

■ Smith did violate a duty under the Act. Under 50 App.U.S.C. § 462, registrants are given "the duty of carrying out any of the provisions of this title." One of the provisions of the title,

50 App.U.S.C. § 454, provides that registrants shall not be inducted until their physical and mental fitness has been determined. And, under Armed Services Regulations, AR 601–270, ¶ 3–31(b), SSLR 2249, a registrant whose acceptability is undetermined may be requested to submit for further mental evaluation, as instructed by the local board after request to do so from armed forces representatives. Smith failed to perform this duty. In stating that Smith failed to perform such a duty by not reporting to the examination, the indictment alleged the essential element of the crime. The indictment need not detail the exact statutory and regulatory provisions necessary to create the duty, as long as the included details are sufficient to give fair notice of what is alleged.

Although the indictment speaks of Smith's failure "to undergo a neuro-psychiatric examination under the direction and orders of representatives of the Armed Forces of the United States," this phrase does not necessarily indicate that the duty Smith failed to obey was one created by Armed Forces orders, as appellant argues. In the context of the complete indictment, this phrase merely indicates that the examination Smith was ordered to attend would be conducted by the Armed Forces representatives. Even if the phrase is construed to imply that the order to report came from Armed Forces representatives, this language merely makes more exact the details of the offense. It was at the request of Armed Forces representatives that Smith's local board ordered him to the March 16 examination. The language was therefore surplusage, not necessary to the indictment.

The evidence in the present case was therefore within the limits charged in the indictment. This was not a case where the indictment specified one type of offense (interference with interstate importation of sand) and the evidence was of a separate and different offense (interference with interstate importation of steel), as in Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d

252 (1960). Rather, it is a case such as United States v. Silverman, 430 F.2d 106 (2d Cir. 1970), where a variance, not an amendment, was found when the indictment for embezzlement of union funds failed to allege that the "labor organization" was involved in interstate commerce, as is required by the statute under which the defendant was convicted. The court read the term "labor organization" in the indictment to allege and require proof of the essential element of interstate commerce. In the present case, the statutory term "perform a duty required of him by the said Act" should be read similarly.

We have examined appellant's other contentions and find them without merit. The judgment of the district court will be affirmed.