HALL, Justice Ad Hoc.*
On June 17, 1977 separate bills of information were filed in East Baton Rouge Parish charging that the two defendants, between August 4, 1976 and June 1, 1977, violated the Election Campaign Finance Disclosure Act, La.R.S. 18:1490, in that they, being candidates for public office, failed to file with the Supervisory Committee on Campaign Finance the financial disclosure reports and affidavits required by the Act. The trial court sustained motions to quash on the ground that venue was improper in East Baton Rouge Parish. This court granted the State’s application for writs and now reverses the ruling of the trial court.
Defendants were opposing candidates for the LaSalle Parish School Board. Defendant Breland was eliminated in the August *1090 14, 1976 primary election; defendant Cooper was successful in the primary and in the November 2, 1976 general election.
The Election Campaign Finance Disclosure Act, La.R.S. 18:1481-1493, requires candidates for public office to file certain reports or affidavits of campaign contributions and expenditures with certain designated authorities domiciled at the state cap-ítol in East Baton Rouge Parish. Failure to submit the reports constitutes a violation of the statute, is punishable as a misdemeanor, and subjects the violator to a fine. La.R.S. 18:1490 and 1491. As originally enacted by Act 718 of 1975, Section 1492 provided that the district attorney “for the parish wherein such alleged violation occurred” shall proceed with criminal actions provided by the statute.[1]
As originally enacted, the statute contained no other provisions relating to venue for criminal proceedings brought pursuant to the law. By Act 386 of 1976, the Election Campaign Finance Disclosure Act was extensively amended, and re-enacted. La. R.S. 18:1490 was amended to specifically provide for venue in East Baton Rouge Parish of actions for failure to submit reports as follows:
“Failure to submit the reports required by this Part shall constitute a violation of this Part; actions or proceedings in such matter shall be brought in the Parish of East Baton Rouge. Failure to submit any such report within three days after the final date for filing shall be presumptive evidence of intent not to file the report.”
La.R.S. 18:1492 was also amended, but continued to provide for prosecution by “the district attorney of the judicial district in which the alleged violation has occurred.”
Act 386 of 1976 specifically provided that the Act shall become effective upon signature of the Governor. The Governor signed the bill on July 31,1976. It was received by the Secretary of State on August 9, 1976 and was published in the Official Journal of the State on August 20, 1976.
Reasoning that the 1976 amendment to La.R.S. 18:1490 was not promulgated or published and, therefore, not effective until after August 4, 1976 (the date of the alleged initial violation of the statute), the trial court found that the law in effect prior to the amendment placed venue in the parish wherein the violation occurred, which the trial court apparently presumed to be LaSalle Parish. Accordingly, the trial court quashed the bills of information on the ground that the district court for East Baton Rouge Parish was not a court of proper venue.
The State contends in its application and brief that the 1976 Amendment was effective on July 31,1976, the date the Governor signed the bill, by virtue of Art. Ill, Sec. 19, La.Const.1974, which provides:
“All laws shall take effect on the sixtieth day after final adjournment of the session in which they were enacted; and shall be published prior thereto in the official journal of the state as provided by law. However, any bill may specify an earlier or later effective date.” (emphasis added)
Thus, the State argues that the trial court erred in ruling that the amendment specifically placing venue in East Baton Rouge Parish was not effective until after promulgation and publication. Alternatively, the State contends the venue provision of the amending statute is a procedural change which can be applied retroactively.
It is not necessary for a determination of the venue issue, the only issue raised by the State’s application, to decide the effective date of the 1976 Act or the effect of the amendments contained in the Act, procedural or substantive, on these proceedings. East Baton Rouge Parish was a parish of proper venue under the statute and other pertinent law prior to the 1976 Amendment.
Art. 1, Sec. 16, La.Const.1974, provides:
*1091 “Every person charged with a crime is presumed innocent until proven guilty and is entitled to a speedy, public, and impartial trial in the parish where the offense or an element of the offense occurred, unless venue is changed in accordance with law. . . . ” (emphasis added)
La.C.Cr.P. Art. 611 provides:
“All trials shall take place in the parish where the offense has been committed, unless the venue is changed. If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred.”
As previously noted, La.R.S. 18:1492 provides for criminal actions to be instituted by the district attorney for the parish wherein the violation occurred, consistent with the provisions of the Constitution and Code of Criminal Procedure.
The offenses or an element of the offenses charged in these cases occurred in East Baton Rouge Parish. The Election Campaign Finance Disclosure Act requires that the reports be filed with certain authorities in East Baton Rouge Parish.[2] In essence, the crimes charged in this case resulted from a failure to perform an act required by law. In dealing with analogous situations the United States Supreme Courts has held that venue lies at the place designated for performance of the duty. For example, in United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916) the defendant failed to file a written statement with the Commissioner General of Immigration in the District of Columbia as required by statute. Venue was held to be proper in the District of Columbia rather than at defendant’s residence from which the statement could have been mailed. In Johnston v. United States, 351 U.S. 215, 76 S.Ct. 739, 100 L.Ed. 1097 (1956) defendants failed to report for civilian work assignments as directed by the local draft boards. Venue was found proper at the place fixed for performance. The court held:
“We are led to this conclusion by the general rule that where the crime charged is a failure to do a legally required act, the place fixed for its performance fixes the situs of the crime.” 351 U.S. at 220, 76 S.Ct. at 742.
This court held that venue for a prosecution of the crime of having knowledge of the commission of a felony and not disclosing it to the appropriate authorities (misprision of a felony) is in the parish where the accused was obliged to disclose his knowledge. State v. Wells, 195 La. 758, 197 So. 420 (1940); State v. Graham, 190 La. 669, 182 So. 711 (1938). More recently, we have held that proper venue for a prosecution of the offense of contempt of the legislature lies, in accordance with La.R.S. 24:6 and La.C.Cr.P. Art. 611, in the parish wherein the subpoena ordered the offender to give testimony or to produce papers or other evidence. Joint Legislative Committee of Legislature v. Strain, 263 La. 488, 268 So.2d 629 (1972). In these cases the offenses of failure to disclose certain information were deemed to occur in the parish in which the accused had a duty to report.
Guided by these precedents, we conclude that the offenses charged in these cases or elements thereof occurred in East Baton Rouge Parish, the place fixed for performance of the statutorily imposed duty to submit reports. Accordingly, the district court for East Baton Rouge Parish is a court of proper venue for the charges brought in these cases, regardless of the effective date or applicability of the 1976 Amendment.
Other issues unrelated to venue raised by defendants’ motions to quash and by defendants’ brief filed in this court, which *1092 were not passed on by the district court, are not properly before this court on the State’s application for writs and have not been considered by this court.
For the reasons assigned, the judgments of the district court granting the motions to quash are reversed and set aside. The cases are remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, for further proceedings in accordance with law, including consideration of the other grounds asserted in defendant’s motions to quash.
Reversed and remanded.

 Judge Pike Hall, Jr., La. Court of Appeal, Second Circuit, participated in this decision as an Associate Justice Ad Hoc.

. A provision in La.R.S. 18:1492(B)(1) attempting to limit the power of the district attorney to prosecute only violations reported to him through the supervisory committee established by the statute was held unconstitutional in Guidry v. Roberts, 335 So.2d 438 (La.1976). The decision upheld the constitutionality of other provisions of the statute.

. Under Act 718 of 1975 the “reporting official” with whom reports were to be filed by candidates for district offices was the legislative auditor. La.R.S. 18:1482(12), 1483 and 1486. Under Act 386 of 1976, all reports are to be filed with the Supervisory Committee, Election Campaign Finance Disclosure Act, which is composed of the secretary of the Senate, the clerk of the House of Representatives, the legislative auditor, and the executive director of the Louisiana Legislative Council. La.R.S. 18:1482(14), 1483A, 1486 and 1492.