[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 24, 2010
JOHN LEY
CLERK

No. 09-13457
Non-Argument Calendar

_____

D. C. Docket No. 08-00056-CR-FTM-99SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHERI REDEKER BARRY,
WARREN THOMAS BARRY,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(March 24, 2010)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Sheri Redeker Barry ("Sheri") and Warren Thomas Barry ("Warren"), (collectively "the Barrys"), proceeding *pro se*, appeal their convictions for conspiracy to defraud the United States by defeating the lawful functioning of the Internal Revenue Service ("IRS") in the ascertainment, computation, assessment, and collection of federal income taxes, in violation of 18 U.S.C. § 371, and failing to make income tax returns, in violation of 26 U.S.C. § 7203. On appeal, the Barrys argue (1) that the government failed to prove by a preponderance of the evidence that the Middle District of Florida was the proper venue, (2) that their Fifth Amendment right not to be tried except upon presentment or indictment by a properly empaneled grand jury was violated, and (3) that the district court did not have subject-matter jurisdiction over their case because all of the alleged crimes took place in the State of Florida. We AFFIRM the Barrys' convictions.

## I. BACKGROUND

On 23 April 2008, a federal grand jury in the Middle District of Florida issued an indictment, charging that: (1) the Barrys conspired to defraud the United States by defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of income taxes in Lee County in the Middle District of Florida, in violation of 18 U.S.C. § 371 ("Count One"); (2) Warren and Sheri each both passed a false or fictitious

2

instrument, in violation of 18 U.S.C. §§ 514, 513(c), and 2 ("Counts Two and Three"); (3) Sheri, as a resident of Lee County, Florida, willfully failed to make an income tax return for the tax years 2002, 2003, 2004, and 2005, "to an authorized representative of the Internal Revenue Service in the Middle District of Florida, or to the Director of the Internal Revenue Service Center at Atlanta, Georgia, or to any other proper officer of the United States," in violation of 26 U.S.C. § 7203 ("Counts Four through Seven"); and (4) Warren willfully failed to make an income tax return for the tax years 2003, 2004, and 2005, "to an authorized representative of the Internal Revenue Service in the Middle District of Florida, or to the Director of the Internal Revenue Service Center at Atlanta, Georgia, or to any other proper officer of the United States," in violation of 26 U.S.C. § 7203 ("Counts Eight through Ten"). R1-3.

Warren filed a motion to dismiss the indictment, in which Sheri joined. R1-78, 79. In the motion, Warren first argued that the district court "lack[ed] subject matter jurisdiction over the Grand Jury claims against [Warren] because not a single State, nor two or more States, are identified within the Grand Jury claims that could trigger Congress' power to regulate the alleged activity within the 'among the several States' to which the several States limited Congress to act therein." R1-78 at 4. Second, Warren argued that the court lacked subject-matter

3

jurisdiction over the "'Grand Jury' claims" because "each of the acts alleged are only alleged to have taken place within the State of Florida . . . thereby refusing from any Court created by Congress the power to pick the place or places any trial shall be had." *Id.* at 4-5. Third, he argued that Congress "lack[ed] the power to place the trial of the alleged crimes of or against [Warren] within its own Court, making 18 U.S.C. § 3231 unconstitutional and in violation of Article III, Section 2, Clause 3." *Id.* at 5. Finally, Warren argued that the grand jury's indictment violated the Tenth Amendment because "[a]ny claim that [Warren] violated a duly enacted law of Congress exercised under its enumerated power 'among the several States', can only be placed within a State, . . . that being the State of Florida, by a Grand Jury of the County where the claimed crime is alleged to have occurred." *Id.*

The district court denied Warren's motion to dismiss. R1-100 at 9. The court found that all of the offenses with which Warren was charged were "offenses against the laws of the United States," such that the district court had jurisdiction and was empowered under 18 U.S.C. § 3231 to enter judgment on the merits of the indictment. *Id.* at 5-6. Next, the court found, based on various constitutional provisions, Warren's argument that Congress lacked the authority to enact the statutes at issue was without merit. *Id.* at 6-8. Finally, the court agreed that the

4

grand jury "is not relegated by the Constitution to any one of the three branches of government," but found that "Congress certainly has the power to enact grand jury statutes as necessary pursuant to the Fifth Amendment." *Id.* at 8-9.

Sheri also filed a motion to dismiss the indictment, in which Warren joined, arguing that the indictment neither alleged the elements of the crime nor adequately described the alleged crimes. R1-89 at 2. The district court dismissed Counts Two and Three of the indictment because "the failure to allege an intent to defraud renders Counts Two and Three fatally defective since an essential element of the offense has been omitted." R2-101 at 7. A redacted indictment listed the conspiracy charge as "Count One," the charges against Sheri under 26 U.S.C. § 7203 as "Counts Two Through Five," and the charges against Warren under § 7203 as "Counts Six Through Eight." R3-151.

Subsequently, there was a six-day jury trial. *See* R2-135, 136, 137, 138, 144, 149. While the record on appeal includes transcripts of certain portions of testimony and closing arguments, the Barrys did not have the entire trial proceedings transcribed. *See, e.g.*, R6; R7. The jury found Sheri guilty as to Counts One through Five, and Warren guilty as to Count One and Counts Six through Eight, as listed on the redacted indictment. R3-152, 153.

Following the trial, Warren filed a motion for judgment of acquittal pursuant

5

to Federal Rule of Criminal Procedure 29(a), in which Sheri joined. R3-155, 157.

In the motion, Warren alleged, *inter alia*, that Counts One, Six, Seven, and Eight, as charged in the redacted indictment, should have been dismissed because the government failed to prove venue by a preponderance of the evidence given that, since March 2001, there have been no "internal revenue districts" as described in 26 U.S.C. § 6091(b)(1)(A) due to passage of the IRS Reform and Restructuring Act of 1998. R3-155 at 3-11. Warren attached a document titled "IRS Notice of Proposed Rulemaking (REG-118886) Clarifying Section 6411 Regulations by Cross-Reference to Temporary Regulations (T.D. 9355)," dated 27 August 2007 ("Notice"). *Id.*, exh. 1. The Notice's "Summary" section provides that the IRS was issuing temporary regulations relating to section 6411 of the Internal Revenue Code – dealing with tentative carryback and refund adjustments – and that the regulations, *inter alia*,

> remove all references to IRS district director or service center director, as these positions no longer exist within the IRS. The offices of the district director and service center director were eliminated by the IRS reorganization implemented pursuant to the IRS Reform and Restructuring Act of 1998.

*Id.* at 1.

Warren also filed a motion to dismiss in which Sheri joined. R3-156, 158.

In the motion, he again argued that the court should dismiss the indictment for

6

improper venue and lack of jurisdiction, submitting that, "[b]ecause there were no internal revenue districts and no district directors, at any time during the alleged prohibited conduct, the acts alleged could never have been completed within any place within the jurisdiction of this United States District Court."  R3-156 at 1, 5-13.

The district court denied both motions.  R3-179 at 7.  With respect to Warren's venue argument, the court found that "the evidence presented at trial clearly established venue in the Middle District of Florida," and that

> [t]he fact that venue may be established in more than one district does not preclude conviction in the district of the taxpayer's residence, particularly where, as here, the evidence established that defendant did not file a tax return in any district during the years at issue.

*Id.* at 3.  With respect to Warren's argument concerning the lack of any "internal revenue district" or "district director" in the Middle District of Florida, the court noted that Warren relied on an IRS Notice of Proposed Rulemaking concerning a "subject matter unrelated to this case," and found that his reading of the notice was "clearly erroneous."  *Id.* at 3-5.  The court found that "[t]he bureaucratic restructuring of the [IRS] authorized by the Internal Revenue Service Reform and Restructuring Act of 1998 did not eliminate the statutory requirement that defendant file tax returns under the circumstances set forth in the tax statutes."  *Id.* at 5 (footnote omitted).  The court determined that venue was proper in "*either* the

7

district of residence or the district where the service center is located" under 26 U.S.C. § 6091(b)(1)(A)(i), (ii). *Id.* at 6. Accordingly, the court found that Warren's argument concerning venue lacked merit. *Id.* at 6.

Warren filed a motion for reconsideration, in which Sheri joined. R3-180, 182. In support of his contention that "internal revenue districts" no longer existed, Warren attached the 8 May 2001 Testimony of David C. Williams, Treasury Inspector General for Tax Administration, during a joint congressional hearing, in which Williams generally testified as to organizational restructuring of the IRS. *See* R3-180, exh. A. Warren also attached a response to a motion to dismiss that the government filed in Case No. 09-cr-043 from the U.S. District Court for the Northern District of Oklahoma. *Id.*, exh. B. In the document, the government submitted that "[t]he IRS Restructuring and Reform Act of 1998 abolished internal revenue districts as of October 1, 2000," and cites to Williams's testimony in support. *Id.* at 4.[1] The district court denied Warren's motion for reconsideration, finding "no basis to reconsider its prior Opinion and Order." R3-184. Thereafter, the court sentenced Sheri to a total term of 36 months of imprisonment, and Warren to a total term of 24 months of imprisonment. R3-190 at 1-2; R3-191 at 1-2.

---

[1] In its response, however, the government goes on to argue that prosecution in the Northern District of Oklahoma was proper pursuant to 26 U.S.C. § 6091(b)(1)(B)(i) and 26 C.F.R. § 1.6091-2 because the defendants' criminal conduct occurred there. R3-180, exh. B. at 4-5.

8

On appeal, the Barrys argue that the government failed to prove by a preponderance of the evidence that the Middle District of Florida was the proper venue. They submit that the government does not dispute that, since October 2000, there were "no District Directors" in the Middle District of Florida, and that the Middle District of Florida was not within any service center or internal revenue district for venue purposes. Because they were required, pursuant to 26 U.S.C. § 6091(b)(1)(A)(i), (ii), to file their tax returns in the "internal revenue district," or the "service center serving the internal revenue district," in which they resided or had a principal place of business, the Barrys argue that the government failed to prove that venue was proper in the Middle District of Florida.

The Barrys continue that their Fifth Amendment right not to be tried except upon presentment or indictment by a properly empaneled grand jury was violated, and that Congress has no criminal power to create any Article III Court to place and hold trial over acts occurring within the exterior limits of the State of Florida. The Barrys submit that the grand jury does not belong to any branch of federal government, but was created by the Bill of Rights in the U.S. Constitution. Because their crimes were alleged to have taken place in a location within the State of Florida, which was not within any land ceded over to the United States, the Barrys argue that the court did not have jurisdiction.

The Barrys finally submit that 18 U.S.C. § 3231 precludes the federal district

court from having subject-matter jurisdiction in this case.

## II. DISCUSSION

A. Proper Venue

We review a district court's denial of a motion to dismiss for improper venue *de novo*. *United States v. Stickle*, 454 F.3d 1265, 1270 (11th Cir. 2006). "When venue is challenged, this court views the evidence in the light most favorable to the government and makes all reasonable inferences and credibility choices in favor of the jury verdict." *Id.* The government need only prove that venue is proper by a preponderance of the evidence. *See United States v. Breitweiser*, 357 F.3d 1249, 1253 (11th Cir. 2004).

Article III of the U.S. Constitution provides that criminal trials "shall be held in the State where the said Crimes shall have been committed . . . ." U.S. Const. art. III, § 2, cl. 3. The Sixth Amendment provides that an accused has the right to be tried "by an impartial jury of the State and district wherein the crime shall have been committed . . . ." U.S. Const. amend. VI. "[W]here the crime charged is a failure to do a legally required act, the place fixed for its performance fixes the situs of the crime." *Johnston v. United States*, 351 U.S. 215, 220, 76 S. Ct. 739, 742 (1956).

"[T]he commission of a 26 U.S.C. § 7203 violation is considered to occur in the judicial district in which the taxpayer is required to file." *United States v.*

10

*Quimby*, 636 F.2d 86, 90 (5th Cir. Feb. 1981) (per curiam).  Section 3237 of Title

18 of the United States Code provides that,

> where an offense is described in section 7203 of the Internal Revenue
> Code of 1986 . . . and prosecution is begun in a judicial district other
> than the judicial district in which the defendant resides, he may upon
> motion filed in the district in which the prosecution is begun, elect to
> be tried in the district in which he was residing at the time the alleged
> offense was committed

18 U.S.C. § 3237(b).

Section 6091 of Title 26 of the United States Code provides:  "When not

otherwise provided for by this title, the Secretary shall by regulations prescribe the

place for the filing of any return, declaration, statement, or other document, or

copies thereof, required by this title or by regulations."  26 U.S.C. § 6091(a).

Subsection (b) provides that persons other than corporations shall make a return to

the Secretary "(i) in the internal revenue district in which is located the legal

residence or principal place of business of the person making the return, or (ii) at a

service center serving the internal revenue district referred to in clause (i)."  *Id.*

§ 6091(b)(1)(A).

An exception is provided for "persons who have no legal residence or

principal place of business in any internal revenue district," who shall make a

return "at such place as the Secretary may by regulations designate."  *Id.*

§ 6091(b)(1)(B)(i).  Treasury regulation § 1.6091-2 provides that "income tax

11

returns of individuals . . . shall be filed with any person assigned the responsibility to receive returns at the local Internal Revenue Service office that serves the legal residence or principal place of business of the person required to make the return." 26 C.F.R. § 1.6091-2(a) (2005). The version of the regulation, current through 1 April 2004, provided that "income tax returns of individuals . . . shall be filed with the district director for the internal revenue district in which is located the legal residence or principal place of business of the person required to make the return." *Id.* (2004).

On 22 July 1998, Congress passed the Internal Revenue Service Restructuring and Reform Act of 1998. Pub. L. No. 105-206, 112 Stat. 685 (1998). The Act directed the Commissioner of the IRS to "develop and implement a plan to reorganize the Internal Revenue Service," which would, *inter alia*, "(1) supersede any organization or reorganization of the Internal Revenue Service based on any statute or reorganization plan applicable on the effective date of this section," "(2) eliminate or substantially modify the existing organization of the Internal Revenue Service which is based on a national, regional, and district structure," and "(3) establish organizational units serving particular groups of taxpayers with similar needs." *Id.* at 689.

The Barrys do not dispute that they resided in Lee County, Florida, or that Lee County was in the Middle District of Florida, during the times relevant to their

12

offense. For violations of 26 U.S.C. § 7203, the former Fifth Circuit has held that "the commission of a 26 U.S.C. § 7203 violation is considered to occur in the judicial district in which the taxpayer is required to file." *Quimby*, 636 F.2d at 90. Venue was proper in the Middle District of Florida, as that was the location of the Barrys' residence, which is where they were required to file. *See id.*; 26 U.S.C. § 6091(b)(1)(A); *see also* 18 U.S.C. § 3237(b); *cf. United States v. Gorman*, 393 F.2d 209, 213-14 (7th Cir. 1968) (addressing an argument that the district court lacked venue because "neither the President nor his delegate . . . established any internal revenue districts" under 26 U.S.C. § 7621, and holding that venue was proper in a certain district despite "changes in nomenclature," because "[t]o hold otherwise would mean that no one could be prosecuted for failure to file tax returns anywhere in the United States," and "Congress intended no such ludicrous result").

B. <u>The Barry's Fifth Amendment Rights</u>

We review constitutional claims *de novo*. *United States v. Tagg*, 572 F.3d 1320, 1325 (11th Cir. 2009). The Fifth Amendment to the U.S. Constitution provides in part: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. The Supreme Court has observed that

> the grand jury is mentioned in the *Bill of Rights*, but not in the body of the Constitution. It has not been textually assigned, therefore, to any of the branches described in the first three Articles. It is a

13

constitutional fixture in its own right.

*United States v. Williams*, 504 U.S. 36, 47, 112 S. Ct. 1735, 1742 (1992) (quotation marks and citation omitted).

"Only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 802, 109 S. Ct. 1494, 1500 (1989). Furthermore, "[t]he law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." *United States v. US Infrastructure, Inc.*, 576 F.3d 1195, 1214 (11th Cir. 2009) (quotation marks and citation omitted).

The Barrys cite nothing to support their argument that the Grand Jury was empaneled pursuant to a statute in violation of the Fifth Amendment, and they have not identified a fundamental defect that caused the grand jury no longer to be a grand jury. *Midland Asphalt Corp.*, 489 U.S. at 802, 109 S.Ct. at 1500; *see also Williams*, 504 U.S. at 46, 112 S.Ct. at 1741 (recognizing the existence of a "few, clear rules which were carefully drafted and approved by this Court and by Congress to ensure the integrity of the grand jury's functions" (quotation marks and citation omitted)). Instead, the Barrys provide only vague allegations that their Fifth Amendment rights were violated. We find no defect, much less a fundamental defect, rising to a constitutional violation.

14

C. Subject-Matter Jurisdiction

We review jurisdictional issues *de novo*.  *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).  Section 3231 of Title 18 of the United States Code provides:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.
>
> Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

18 U.S.C. § 3231 (2010).

The Barry's cite the second sentence of § 3231 for the proposition that no jurisdiction shall be taken from the state courts, thus erasing any grant of jurisdiction in the first sentence.

The Barrys were charged with violating 18 U.S.C. § 371 and 26 U.S.C. § 7203, which involves "offenses against the laws of the United States," such that the district court had subject-matter jurisdiction under 18 U.S.C. § 3231.  Their contention that the district court had no subject-matter jurisdiction over the offense is frivolous.  *See United States v. Romero-Galue*, 757 F.2d 1147, 1150-51 n.10 (11th Cir. 1985) (noting that the district court "obviously had subject matter jurisdiction" because Congress, pursuant to 18 U.S.C. § 3231, "conferred upon the federal district courts the power to adjudicate all cases involving crimes against the

15

United States"). The Barrys have shown no error in the district court's determination that it had subject-matter jurisdiction over their case.

## III. CONCLUSION

The Barrys appeal their convictions for conspiracy to defraud the United States by defeating the lawful functioning of the IRS, in violation of 18 U.S.C. § 371, and failing to make income tax returns, in violation of 26 U.S.C. § 7203. As we have explained, venue was proper in the Middle District of Florida, we find no violation of the Barrys' Fifth Amendment rights, and there was no error in the district court's determination that it had subject matter jurisdiction. Accordingly, the Barrys' convictions are AFFIRMED.