**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4420**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

STEVEN RAY STEWART,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.  Norman K. Moon, Senior District Judge.  (6:10-cr-00015-nkm-1)

**No. 11-4471**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

STANLEY H. CARLSON, a/k/a Stanley Harold Carlson,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Glen E. Conrad, Chief District Judge.  (5:10-cr-00027-gec-bwc-1)

Submitted: December 7, 2011          Decided: January 18, 2012

_____

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Larry W. Shelton, Federal Public Defender, Allegra M.C. Black, Andrea Lantz Harris, Assistant Federal Public Defenders, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellants.  Timothy J. Heaphy, United States Attorney, Anthony P. Giorno, First Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Steven Ray Stewart appeals his conviction and thirty-month sentence following his guilty plea to one count of traveling in interstate commerce and failing to register or update a registration, as required by the Sex Offender Registration and Notification Act ("SORNA" or "the Act"), in violation of 18 U.S.C. § 2250(a) (2006), and Stanley H. Carlson appeals his conviction and twenty-seven-month sentence following his guilty plea to the same offense. Appellants argue that the relevant provisions of the SORNA that required them to register as sex offenders, see 42 U.S.C.A. § 16913 (West Supp. 2011), are unconstitutional. Stewart also raises a separate venue challenge. We affirm.

Appellants argue that the district court erred in denying their motions to dismiss the indictments against them. They contend that, in enacting the SORNA, Congress violated the non-delegation doctrine by impermissibly delegating legislative functions to the Attorney General; namely, the discretion to determine whether the SORNA's registration requirements would apply to sex offenders convicted prior to the Act's enactment. We review de novo the district court's denial of a motion to dismiss an indictment. United States v. Brandon, 298 F.3d 307, 310 (4th Cir. 2002). Additionally, properly preserved

3

constitutional claims are reviewed de novo.  United States v. Hall, 551 F.3d 257, 266 (4th Cir. 2009).

The non-delegation doctrine "is based on the principle of preserving the separation of powers between the coordinate branches of government."  United States v. Ambert, 561 F.3d 1202, 1212 (11th Cir. 2009).  Congress' delegation of authority to another branch of government does not offend the non-delegation doctrine as long as Congress has delineated an "intelligible principle" guiding the exercise of that authority. J.W. Hampton, Jr. & Co. v. United States, 276 U.S. 394, 409 (1928).  Even a general legislative directive is a constitutionally sufficient intelligible principle if Congress "clearly delineates the general policy, the public agency [that] is to apply it, and the boundaries of th[e] delegated authority."  Mistretta v. United States, 488 U.S. 361, 372-73 (1989) (internal quotation marks omitted).

Appellants contend there is no intelligible principle guiding the Attorney General in his discretion.  We agree with the other courts of appeal that have considered this issue in concluding that this claim is without merit.  See, e.g., United States v. Guzman, 591 F.3d 83, 93 (2d Cir.) (concluding that the Attorney General's delegated authority is "highly circumscribed" because the SORNA "includes specific provisions delineating what crimes require registration; where, when, and how an offender

4

must register; what information is required of registrants; and the elements and penalties for the federal crime of failure to register" (internal citations omitted)), cert. denied, 130 S. Ct. 3487 (2010); United States v. Whaley, 577 F.3d 254, 264 (5th Cir. 2009) (holding that the SORNA's statement of purpose in 42 U.S.C.A. § 16901 is a guiding intelligible principle); Ambert, 561 F.3d at 1213-14 (describing the SORNA's broad policy goals as intelligible principles).

Further, we reject Appellants' argument that our decision in United States v. Hatcher, 560 F.3d 222 (4th Cir. 2009), compels a contrary conclusion. Contrary to Appellants' argument, nothing in the Hatcher decision calls into question the constitutionality of Congress' delegation of authority to the Attorney General under the SORNA. We therefore conclude that Appellants' non-delegation doctrine argument is without merit.

Stewart also argues that the district court erred in denying his motion to dismiss the indictment because the Western District of Virginia was the improper venue for his prosecution. We review the district court's determination on venue de novo. United States v. Wilson, 262 F.3d 305, 320 (4th Cir. 2001).

Venue lies in the state and in the district where the offense at issue was "committed." U.S. Const. art. III, § 2, cl. 3; Fed. R. Crim. P. 18. A determination of where an offense

is "committed" is to be made with reference to the criminal act proscribed by the statute.  Johnston v. United States, 351 U.S. 215, 220 (1956).   If the statute does not provide explicit guidance, the location of the offense for venue purposes "must be determined from the nature of the crime alleged and the location of the act or acts constituting it."  United States v. Anderson, 328 U.S. 699, 703 (1946).

Stewart's violation of § 2250(a) necessarily involved more than one district because he traveled interstate from Virginia to Kentucky, where he failed to register.  In such a situation, venue is governed by 18 U.S.C. § 3237(a) (2006), which states that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."  Stewart's offense began in Virginia because his move from that state gave rise to his duty to register in Kentucky, where his offense was completed when he failed to register.  42 U.S.C.A. § 16913(c).  Because Stewart's offense began when he moved from the Western District of Virginia, thereafter failing to register in Kentucky, venue was proper in the Western District of Virginia.  See, e.g., United States v. Howell, 552 F.3d 709, 717–18 (8th Cir. 2009) (holding that venue for a failure-to-register prosecution was proper in the Northern

6

District of Iowa, from which the defendant moved to Texas where he failed to register).  Accordingly, Stewart's venue argument is without merit.

We therefore affirm the judgments of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED